## M. B. HOWELL v. W. T. PUGH, *et al.*

ORDER GRANTING NEW TRIAL, *Affirmed; Practice.* Where the trial court gives a certain instruction, and the jury return a verdict in plain disregard of the instruction, and thereupon the court upon motion sets aside the verdict and grants a new trial, *held*, on error to this court from the order granting a new trial, that such order must be affirmed, unless it clearly appears not only that the court erred in the instruction, but also that there was no other ground upon which the court could reasonably have granted a new trial, save the one of a disregard of its instruction; and *held*, further, that the practice of reviewing such orders in this court is one not to be encouraged, as if followed it will be apt to lead to confusion and injustice; and also *held*, further, that in the present case the

question of good faith in the sale, the subject of controversy, is one fairly presented by the testimony.

### Error from Johnson District Court.

ACTION brought by *Howell* against *Pugh* and another, to recover damages for the alleged conversion by the defendants of certain property, of which the plaintiff claimed to be the absolute owner, and entitled to the possession thereof, to wit: One-half of eight acres of wheat in the stack, of the value of $80; one-third of twenty-two acres of corn in the field, of the value of $50; and one-third of twenty-eight acres of flax in the stack, of the value of $100. Trial at the June Term, 1880, of the district court, and judgment for the defendants. The plaintiff brings the case here.

*Burris & Little*, for plaintiff in error.

*I. O. Pickering*, for defendants in error.

The opinion of the court was delivered by

BREWER, J.: This is a proceeding in error to review the action of the district court of Johnson county in granting a new trial. It has been repeatedly held that in such cases this court will require a much stronger case for interference than when a new trial is refused. (*Field v. Kinnear*, 5 Kas. 233; *City of Ottawa v. Washabaugh*, 11 Kas. 125.) Does the record here present such a clear case as justifies us in disturbing the order of the district court? We think not. It is very evident that the jury disregarded the instructions of the court. Indeed, the point of counsel's argument is, that the court was wrong and the jury right, and that therefore this court should uphold the verdict and in that way correct the error of the court. Perhaps in some cases such practice might be proper, but rarely so, and never unless it is perfectly clear that the single matter in which the court erred was necessarily decisive of the case. In this there was a question of good faith, and the court may well have doubted whether a jury which so plainly disregarded its instruction upon a question of law

7—25 KAS.

Howell v. Pugh.

gave any due consideration to other questions involved. The motion for a new trial was based upon several grounds, and the ruling of the court granting a new trial was general, and not placed upon any particular ground. It appears that in the fall of 1878, one Berkshire leased his farm to one Wilson for one year, Wilson to pay as rent one-half the wheat and one-third of the flax and corn raised on the place, the former to be delivered in the bushel and the latter in the crib. On the 8th day of July, 1879, plaintiff claims to have bought this rental wheat, etc., and to have given $100 for it. On the 11th of July, 1879, suits were commenced against Berkshire, and the tenant was garnished. At this time the flax and corn were still standing and growing in the field, and the wheat all stacked together and undivided. It appears that plaintiff did not make any examination of the property at the time of his purchase, and it does not appear that he ever any more than casually saw it when riding by the farm some days before. Berkshire testified that the property sold was worth $200, but that he needed money to pay interest due on a mortgage. Besides these, there were some other facts tending to cast suspicion at least on the *bona fides* of the transaction. There was also prior to the garnishee proceedings no division or separation of the landlord's portion of the crop from the tenants. Upon this last fact the court charged that "if at the time of the sale the property consisted of an undivided interest in wheat in the stack, and of flax and corn growing in the field and was mixed and mingled with other property of like kind, and was not separated and set apart or otherwise designated by anyone prior to the garnishee summons, the plaintiff acquired no title as against the garnishee proceedings." Notwithstanding this explicit direction and the undisputed testimony, the jury found for the plaintiff. Probably the court set aside the verdict because of the disregard of this instruction. Perhaps also because it did not think the purchase in good faith. That the court erred in its instructions, is affirmed by the learned counsel for plaintiff on the authority of *Piazzek v. White*, 23

Kas. 621. We do not think that case fully in point, as there the corn was harvested and cribbed, and capable of instantaneous separation and removal. Here the growing corn was immature, and not ready for division. It was uncertain what part, if any, would come to maturity; and the landlord could not, without the consent of the tenant, select any rows of growing corn, or any part of the field, and claim the corn that should thereafter ripen thereon. While pointing out this distinction, we do not deem it necessary to decide whether the instruction was strictly correct, or not. It does not seem good practice to encourage. We should often discuss and decide questions which in the final disposition of the case are found to be immaterial. The due and orderly administration of the law requires that the jury should follow the clear instructions of the trial court; then any error may be corrected. But when the jury attempt to review and revise the law as given to them by the court, it will surely lead to confusion and frequent injustice.

It is clear to us that the court may have set aside the verdict on more than the one ground of a disregard of this instruction; and we think substantial justice will more surely be done by leaving the case, as the district court left it, for the consideration of another jury.

The judgment will be affirmed.

All the Justices concurring.