U. P. Rly. Co. v. Hutchinson.

THE UNION PACIFIC RAILWAY COMPANY v. J. B. HUTCH-
INSON.—SAME v. MARY E. HUTCHINSON.

INSTRUCTIONS, *Jury to Obey and Follow.* The instructions of the trial
court to the jury are the law of the case, for the jury to obey and fol-
low. If instructions of the trial court are wholly disregarded by the
jury upon a material question of law, their verdict in defiance there-
of ought not to be the foundation for any judgment.

### Motions for Rehearing.

THE defendants in error, plaintiffs below, filed motions for
a hearing, which the court overruled at its session in October,
1888. The facts are stated in *U. P. Rly. Co. v. Hutchinson,*
39 Kas. 485, *et seq.,* and in the opinion herein.

*A. L. Williams, Charles Monroe,* and *L. S. Wilson,* for
plaintiff in error.

*John D. Milliken,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiffs below ask a rehearing in
these cases on the ground, as they contend, that the opinions
reversing the judgments are not in harmony with the settled
principles of law.

Upon the trial, the jury returned a general verdict in favor of
plaintiffs, with answers to interrogatories submitted. Among
the answers to the interrogatories are:

"1. How wide was the street on which engine 311 stood?
*Ans.:* 100 feet.

"2. How much of the street was occupied by the engine?
A. About 35 feet.

"3. Was there room for teams to pass? A. Yes.

"4. How long had the engine been there when plaintiffs
came up? A. From five to ten minutes.

"5. Did the engine make any unusual noise, that is, any
noise different from that generally made by engines when
standing still? A. No.

"6. What is the distance between the main line and the
switch where the engine stood? A. From 27 to 30 feet.

"7. Were the plaintiffs in a situation to know whether or not it was dangerous to cross? A. Yes.

"8. Did they think it was dangerous? A. To a certain extent."

"14. Was the crossing immediately north of the one at which the accident occurred, blocked by an engine at the time of the accident? A. No."

The district court in its eleventh instruction charged the jury as follows:

"If the plaintiff, seeing the danger of crossing, and being able to appreciate the danger, undertook to cross, when he might easily have avoided the danger, he should have avoided the danger, even if it necessitated his return to his home. No emergency justifies running into a known danger."

This instruction seems to have been satisfactory to all parties. There is no exception to it in the record. Whether the instruction is correct or not, is immaterial. It was the law of the case, by which the jury should have been guided. As stated in the original opinion —

"The jury had found the exact state of facts that they were told in the eleventh instruction constituted contributory negligence on the part of the injured plaintiff, and saved the railroad company from liability."

It was the duty of the jury to obey implicitly the instructions of the trial court, and having found a state of facts by their answers to the interrogatories constituting contributory negligence on the part of the injured party, and releasing the railway company from liability, their verdict should have followed their findings of fact. A jury cannot be permitted to disregard the instructions of a trial court, and in defiance of such instructions render a verdict contrary thereto; therefore the motions for rehearing must be overruled.

We have examined the authorities cited in the supplemental brief filed upon the part of the plaintiffs below. In *Railroad Company v. Alexander*, 62 Miss. 496–499, the jury gave a verdict for the plaintiff for $175. The court refused to disturb the verdict, and held "that the result showed the appellee was mistaken, but his course in leading the horse over the cross-

ing was a most natural one under the circumstances, and it was properly left to the jury to determine whether he should recover;" but in that case there were no special findings of facts by the jury, as in these cases, that "the plaintiff was in a situation to know whether it was dangerous to cross the street in front of the engine, and that he thought it was dangerous to a certain extent to cross."

In *Railroad Co. v. Crawford*, 24 Ohio St. 631, the judgment was rendered by a divided court, two of the judges dissenting on the ground that the verdict was against the evidence. In that case, however, there was a general verdict only; no special findings of facts were returned by the jury. But the court, in the majority opinion, said:

" Where all the material facts in the case are undisputed, or are found by the jury, and admit of no rational inference but that of negligence or want of due care, it is no doubt the duty of the court to say to the jury, that, as a matter of law, the facts so appearing amount to negligence, or to due care, as the case may be; as it would be the duty of the court to determine, as a question of law, what judgment should be rendered upon a special verdict."

In *Turner v. Buchanan*, 42 Am. Rep. 485, (82 Ind. 147,) the jury, in their special answers, found that the injured party did not apprehend any danger from the steam engine in the street.

In the case at bar, the jury specially found, that "the plaintiff was in a situation to know that it was dangerous to cross the street, and that he thought it was dangerous to a certain extent to cross." The two cases are not parallel.

In support of the former opinions of this court in these cases, we refer to *Thompson v. Railway Co.*, 54 Ind. 197, and *President v. Dusouchett*, 2 id. 586.

The motions will be denied.

All the Justices concurring.