THE KANSAS CITY, FORT SCOTT & MEMPHIS RAIL-
ROAD COMPANY v. T. E. FURST.

No. 93.

INSTRUCTIONS—*The Law of the Case.* The instructions of the trial
court are the law of the case for the jury to obey and follow. A
finding against the instructions of the court cannot constitute
any portion of a judgment. (*U. P. Rly. Co. v. Hutchinson,* 40
Kan. 51; *F. E. & W. V. Rld. Co. v. Pember,* 45 id. 625.)

MEMORANDUM.—Error from Bourbon district court;
J. S. WEST, judge. Action by T. E. Furst against
The Kansas City, Fort Scott & Memphis Railroad
Company to recover for stock killed. Judgment for
plaintiff. Defendant brings the case to this court.
Reversed. The opinion herein, filed May 8, 1896,
states the material facts.

*Wallace Pratt,* and *Chas. W. Blair,* for plaintiff in
error.

*W. R. Biddle,* for defendant in error.

The opinion of the court was delivered by

COLE, J. : This action was commenced before a jus-
tice of the peace in the city of Fort Scott, Bourbon
county, by T. E. Furst, to recover damages arising
out of the alleged killing of one black mare and the
injury to one colt by the railroad company. The bill
of particulars filed in the cause set up the killing of
the mare and injury to the colt in separate counts, or
as separate causes of action. It alleged, first, that
the mare was killed by the negligence and careless-
ness of the defendant company in the operating of its
road, and then stated, for the second cause of action,
that the defendant had been guilty of negligently and
carelessly injuring the colt in question. There was

the further statement in this connection to the effect that the road of the defendant company was not properly inclosed and fenced, and that the gate, through which stock got upon the track, was carelessly and negligently constructed. This cause having been appealed to the district court, a trial was had, resulting in a verdict and judgment for the plaintiff below, from which the railroad company brings the case here for review.

Several errors are complained of, but we shall consider only those necessary to the determination of this case. The court instructed the jury upon the theory that the bill of particulars in this case stated two separate and distinct causes of action, one founded upon the negligence of the company in the operation of its road, and the other founded upon the failure of the company properly to construct a gate leading to a private crossing connecting one portion of the plaintiff's farm with another. The first of these causes of action had relation to the killing of the mare, and the second to the injury to the colt. With regard to the first cause of action, the following instruction was given :

"In arriving at your verdict on this first cause of action, you may consider, only on the question of negligence, what the evidence proves as to the operation of the train. The evidence introduced as to whether the railroad was fenced, or a gate in such fence was defective in construction, or had become defective since its construction, should not be considered by you."

Now, it is clear under this instruction that the only evidence the jury were to consider in determining whether the railroad company was liable for the killing of the mare was such evidence as related to the manner of the running of the train which it was

claimed killed the animal, and, so far as the trial of
this case was concerned, it was the duty of the jury
to consider the instructions as given, by the court as
the whole law in the case.   As was said by HORTON,
C. J., in the case of *U. P. Rly. Co. v. Hutchinson*, 40
Kan. 51, "Whether the instruction is correct or not
is immaterial.   It was the law of the case, by which
the jury should have been guided."

Under the instructions of the court, if the jury
found that there was no negligence upon the part of
the railroad company in operating its road, then, so
far as the damages arising from the death of the mare
were concerned, they should have found in favor of
the defendant.   In this case, besides the general ver-
dict, certain special findings of fact were made by the
jury.   Of these findings, the only two referring to the
point now under discussion were numbers 9 and 10,
which were as follows :

"Ques. 9.   Was the defendant guilty of negligence,
causing the injury and death of the animals in ques-
tion?   Ans.   Yes.

"Q. 10.   If you answer the last question (No. 9)
in the affirmative, state fully in what the negligence
of the defendant consisted.   A.   In an imperfect fast-
ening on the gate."

The answers to these questions plainly indicate
that the only negligence the jury found the defendant
company guilty of was in the construction of the gate
in question ; and such a finding having been made, it
was error for the court to render judgment against
the railroad company for the value of the mare in
question, and to refuse a new trial in the case.

It is urged by counsel for defendant in error that
the trial court gave to the jury a harsh construction
of the pleading in question, that the cause was not

tried upon the theory of two separate causes of action until the time arrived to instruct the jury, and that the court abused its discretion in refusing to permit an amendment to the pleading after the instructions had been given. We are inclined to agree with counsel upon the pleading in question, but that is not the question now at issue. The trial court did thus construe it and instruct the jury in accordance with such construction, and no objection was made to the instruction given. The question this court must answer is, whether material error was committed by the court in rendering judgment against the railroad company under the construction and theory upon which the case was tried, and we are clearly of the opinion that such error was committed.

It is impossible to determine from the record what amount was allowed by the jury for each of the animals for which damage was claimed, there being no special findings upon the point. Plaintiff in error has filed a motion in this court for judgment *non obstante*, and cites in support thereof *Adams v. A. T. & S. F. Rld. Co.*, 46 Kan. 161. The circumstances of the two cases are entirely dissimilar. In the case at bar, the question, so far as the injury to the colt is concerned, was whether the gate provided by the railroad company was properly constructed, while in the case referred to the animal injured entered upon the road through an open gate, as in this case, but the sufficiency of the fence and gate provided by the railroad company was not questioned, and the court so distinctly stated in the opinion.

The judgment of the district court is reversed, and the case remanded for a new trial.

All the Judges concurring.