THE ATCHISON, TOPEKA & SANTA FE RAILWAY COM-
PANY V. IRA SCHROLL.

No. 15,086.   (92 Pac. 596.)

SYLLABUS BY THE COURT.

1. RAILROADS—*Injury to Employee—Contributory Negligence.*
An employee, while employed by a railway company, was
injured.   Soon thereafter he made and delivered to his em-
ployer a sworn statement detailing the circumstances under
which the injuries were received.   Afterward he commenced
an action against the railway company to recover damages
caused by such injury.   In such action he attached to his
petition, as an exhibit, the sworn statement before men-
tioned, and made it a part of the pleading.   It then clearly
appeared from the face of the petition that the plaintiff was
guilty of contributory negligence at the time he received
the injury of which he complained.   *Held,* that the pleading
was insufficient and would not sustain a recovery.

2. JURY AND JURORS—*Instructions—Law of the Case.*   Where
in such an action the court, without objection, instructed the
jury to accept the statements of the exhibit attached to the
petition as true, such instruction became the law of the
case, and it was the duty of the jury to follow and obey
the direction given.   A verdict returned in violation of such
instruction does not furnish a legal basis for a judgment.

Error from Harvey district court; PETER J. GALLE,
judge.   Opinion filed November 9, 1907.   Reversed.

*William R. Smith, O. J. Wood,* and *Alfred A. Scott,*
for plaintiff in error.

*Von der Heiden & Morgan,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.:   This is an action brought by defendant
in error to recover damages on account of injuries sus-
tained by him while engaged as an employee of the
plaintiff in error in the capacity of a hostler helper
at Newton.

When the action was called for trial the defendant
objected to the introduction of any evidence under the

petition, for the reason that it did not state facts sufficient to constitute a cause of action. This objection was sustained, upon the ground that the service of notice upon the defendant as required by chapter 393 of the Laws of 1903 was not alleged. The plaintiff amended his petition, for the purpose of showing this notice, by attaching thereto a report made by him to the company soon after his injury, which report was expressly made a part of the pleading and reads:

"(1) State when and where you were injured. Ans. December 28, 1904. Newton, Kan.

"(2) State what, in your judgment, was the cause of your injury and what you were doing at the time it occurred. State fully. A. I got down out of engine I was taking out to throw switch, and another engine, I think it was 595, backed over me.

"(3) In your opinion was there any defect in tracks, cars, engine, tools, machinery or other appliances or place where you were working, or any carelessness on the part of the company or any one in the company's employ tending to cause the accident? If so, what or whom, and give your reasons. A. No defects that I know of. In my opinion the man that was handling the engine that backed over me was careless for the reason he did n't see me. The weather was cloudy and foggy, and I had a cap pulled down over my ears.

"(4) Could you, by more care on your part, have prevented your injury? If so, how? A. I was paying no attention to the engine that backed over me, as I did not hear this engine at all, but if I had looked I could have seen this engine and this accident would not have happened.

"(5) Have you ever sustained an injury before? If so, when and where, and what was the cause and nature of such injury? A. No.

"(6) How long have you been in the company's employ? A. Nine months.

"(7) State all other particulars that you may know relative to the accident. A. I was paying no attention to the engine that backed over me, as I did not hear this engine at all. If I had looked I could have seen this engine and this accident would not have happened, but I did not look, for I was looking at the engine I had got off from.

"(8) If married, of whom does your family consist? A. Single.

"The above is a true statement, to the best of my knowledge and belief."

This report was sworn to January 19, 1906. The defendant then renewed its objection, upon the ground that the petition as amended showed that the plaintiff was guilty of contributory negligence which would prevent a recovery. The court intimated that the objection would be sustained, whereupon the plaintiff obtained leave to amend his petition again by adding thereto, as explanatory of that part of the report claimed to show contributory negligence, a statement which reads:

"That such answers are incomplete and do not state fully the manner in which said plaintiff sustained his injuries or what he was doing at such time; that at the time he received such injuries he could not have looked to see such engine, for the reason that he was occupied about his business as a hostler helper and did not have time to look to see whether such engine was coming up the track; and for the further reason that he did not at that time know that he was as close to the track known as the main track, upon which the engine ran and caused his injuries by running over him, as hereinbefore stated, and that consequently he did not at the time realize the necessity of looking."

The defendant moved to strike this amendment out, on the grounds (1) that it is redundant, irrelevant and immaterial, and (2) that it attempts to contradict and vary the terms of "Exhibit A" attached to the petition.

This motion was denied, and the defendant then demurred to the petition as amended, on the grounds (1) that the causes of action were improperly joined and (2) that it did not state facts sufficient to constitute a cause of action against the defendant. The demurrer was overruled, and the defendant then filed an answer, consisting of (1) a general denial and (2) contributory negligence of plaintiff. The reply was in substance a general denial. Upon these issues the case was tried

to a jury.   The plaintiff, as a part of his evidence, introduced "Exhibit A," attached to his petition.   At the close of plaintiff's evidence a demurrer thereto was filed by the defendant, which was overruled.

Upon the trial the court, among its instructions to the jury, gave one which reads:

"(18) The jury are instructed that the plaintiff, Ira Schroll, having pleaded the facts set forth in 'Exhibit A' attached to his petition in this case and relied on it as a notice under the statute, is bound by all the statements and answers contained therein .and they will be taken by you as true."

No objection was made or exception taken to this instruction.   The jury returned a verdict for the plaintiff for $5000.

It is insisted that the sworn statement made by the plaintiff and attached to his petition conclusively shows contributory negligence on his part at the time he was injured, and that the foregoing instruction of the court made it the duty of the jury to return a verdict for the defendant.   This contention seems reasonable and in harmony with the law.   It is a familiar and well-settled rule that a party is bound by the statements of his pleading.   (*Stone v. Young,* 4 Kan. 17; *Bell v. Wright,* 31 Kan. 236, 1 Pac. 595; *Losch v. Pickett,* 36 Kan. 216, 12 Pac. 822; *Frazier v. Baptist Church,* 60 Kan. 404, 56 Pac. 752.)   When the plaintiff discovered the defect in his petition he should have amended it without incorporating therein facts materially and vitally antagonistic to his right to recover.

When "Exhibit A" was adopted as a part of the petition the contributory negligence of the plaintiff, apparent upon the face of the pleading, was sufficient to bar a recovery.   The jury were instructed by the court to accept the statements in "Exhibit A" as true. This instruction became the law of the case, and it was the duty of the jury to comply therewith.   Instead of obeying the direction of the court, however, the jury disregarded it and returned a verdict in violation

thereof. This was error for which the court should have set aside the verdict. (*Howell v. Pugh,* 25 Kan. 96; *Irwin v. Thompson,* 27 Kan. 643; *Ryan v. Tudor,* 31 Kan. 366, 2 Pac. 797; *U. P. Rly. Co. v. Hutchinson,* 40 Kan. 51, 19 Pac. 312.) In the case of *Irwin v. Thompson, supra,* Mr. Justice Brewer said:

"Where a case is tried by a jury and the court gives them instructions, such instructions, if unquestioned and not excepted to, become the law of the case; and if the jury in their verdict plainly disregard such instructions, it is the duty of the trial court in the first instance, and of this court on review, to set aside such verdict and grant a new trial." (Syllabus.)

The syllabus in the case of *U. P. Rly. Co. v. Hutchinson, supra,* reads:

"The instructions of the trial court to the jury are the law of the case, for the jury to obey and follow. If instructions of the trial court are wholly disregarded by the jury upon a material question of law, their verdict in defiance thereof ought not to be the foundation for any judgment."

In the opinion of that case Mr. Chief Justice Horton said:

"This instruction seems to have been satisfactory to all parties. There is no exception to it in the record. Whether the instruction is correct or not is immaterial. It was the law of the case, by which the jury should have been guided. . . . It was the duty of the jury to obey implicitly the instructions of the trial court, and having found a state of facts by their answers to the interrogatories constituting contributory negligence on the part of the injured party, and releasing the railway company from liability, their verdict should have followed their findings of fact." (Page 52.)

These cases are controlling here, and require a reversal of the judgment in the district court. The case is remanded to the district court, with instructions to set aside and vacate the verdict and judgment in behalf of the plaintiff and enter judgment for the defendant.