No. 19,075.

JULIA MCCULLOUGH, *Appellee,* V. THE MISSOURI PA-
CIFIC RAILWAY COMPANY and THE SALINA STREET
& INTERURBAN RAILWAY COMPANY, *Appellants.*

### SYLLABUS BY THE COURT.

1. NEGLIGENCE—*Collision of Street Car with Railroad Train—
Wantonness of Motorman—Actual and Punitive Damages
Recoverable from Street Railway.* Plaintiff was injured as a
result of a collision between a street car upon which she was
a passenger and a Missouri Pacific freight train at a street
crossing, and recovered a judgment against the street railway
company and the Missouri Pacific Railway Company for her
actual damages, and for $3000 exemplary damages. The evi-
dence showed that the street railway company ran its car over
the railroad crossing in the rear of a backing freight train
which was in plain view of the motorman, who failed to bring
his car to a stop before crossing the tracks. *Held,* that the
street railway company was guilty of gross and wanton negli-
gence sufficient to sustain the judgment for exemplary
damages.

2. SAME—*Railroad Not Guilty of Gross or Wanton Negligence—
Actual Damages only Recoverable.* Upon the facts stated in
the opinion the Missouri Pacific Railway Company was guilty
of negligence in not giving signals or warning of the intention
to back the train across the street, but was not guilty of gross
or wanton negligence sufficient to sustain the judgment against
it for exemplary damages, and therefore the judgment against
it for actual damages is affirmed, and the judgment against it
for exemplary damages is reversed.

Appeal from Saline district court; DALLAS GROVER,
judge. Opinion filed March 6, 1915. Affirmed in part
and reversed in part.

*W. P. Waggener, J. M. Challis,* both of Atchison, and
*J. O. Wilson,* of Salina, for the Missouri Pacific Rail-
way Company.

*David Ritchie,* and *G. A. Spencer,* both of Salina, for
the Salina Street and Interurban Railway Company.

*C. W. Burch,* and *B. I. Litowich,* both of Salina, for
the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff was injured as a result of a collision between a street car upon which she was a passenger and a Missouri Pacific freight train at a street crossing in the city of Salina. She brought her action against the street railway company and the Missouri Pacific Railway Company, and recovered a judgment against both for $1200 actual damages and $3000 exemplary damages. Both defendants appeal, and each is willing to cast the responsibility for the accident upon the other.

The street railway occupies the center of Santa Fe street in Salina, and runs north and south. The tracks of the Missouri Pacific run east and west across Santa Fe street. The south track is known as the "main line" track, and the second is known as the "passing" track. The distance between the two tracks is thirteen and one-half feet. Just before the accident occurred a passenger train from the east came in and stopped at the station with the front end of the pilot of the engine probably five feet east of the street-car tracks. There was a freight train on the passing track which had been cut in two for the Santa Fe street crossing.

The brakeman of the freight train testified that he remained at the Santa Fe street crossing, and when it became necessary to couple the train together, he walked over the crossing to see that it was clear, and warned some people who were there that the train was approaching; stopped a boy driving a delivery wagon, and gave a signal to back up. He did not notice the street car which was coming from the south, but heard it rattle over what is known as the "mill" track, which was 112 feet south of the passing track, and at that time the freight train was backing east and he was walking east toward the west end of the other part of the train east of Santa Fe street, for the purpose

of making the coupling. He testified that "it never entered in my head that the street car was trying to cross," and that he had no chance to give the motorman any notice to stop after he discovered that the street car was not going to stop for the crossing.

The negligence charged against the Missouri Pacific was that it gave no notice or warning of its crossing the street by the sounding of a whistle or the ringing of a bell which could have been heard above the noise of the passenger engine, and that:

"No person was upon or near the rear end of said moving freight train to either give warning of its approach or to give signals to the engineer or person in charge of the engine upon said freight train, and no notice or warning of any kind was given to anyone on said street car of the approach of said freight train to said street car track."

The special findings show that the street railway company ran its car in which the plaintiff was a passenger across the track in the rear of a backing freight train without having stopped the car before crossing the tracks, and when the backing freight train was in plain view of the motorman in charge of the street car; that the distance between the main-line track and the passing track was thirteen and one-half feet, and that the freight train had commenced to back over the street crossing before the street car passed over the main track of the railway, that is, in front of the passenger engine; that the freight train, when it collided with the street car, was moving from two to three miles an hour; that the rear end of the moving freight cars was about ten feet from the street-car tracks when the motorman ran the car over the crossing; that there was nothing to have prevented the motorman from seeing the moving train when the street car was in safe distance from the crossing, if he had looked; and that the street car was moving from three to five miles an hour when it crossed over.

The negligence of which the jury found the Missouri Pacific railway guilty was the failure of the brakeman to go to the rear of the train after giving the signal to back up and to remain with the train. They further found that if the street car had been stopped at a point not less than ten nor more than twenty feet from the railway crossing, and the motorman had used care in the operation of his car, the collision would not have occurred; and that his negligence, combined with that of the Missouri Pacific Railway Company, was the proximate cause of the plaintiff's injuries.

Among other instructions, the court gave the following:

"11. You are further instructed that the statutes of this state provide that it shall be the duty of every street railway company or corporation, operating a street railway across the tracks of a railroad company, to bring its cars to a full stop at least ten and not more than twenty feet before reaching the tracks of the railroad company, unless a flagman is kept at such crossing. It is conceded in this case that a flagman was not maintained at the crossing where the collision occurred, and if you find from the evidence that the employees in charge of the street car failed and neglected to stop the same not less than ten or more than twenty feet from the railroad crossing before attempting to cross the same, and that such failure and neglect directly or proximately contributed to the injury complained of, in no event can such Street Railway Company, defendant, be relieved from the consequences of such failure or neglect.

"15. The jury are instructed that the Missouri Pacific Railway Company, in the operation of its trains along, over and across said Santa Fe avenue, was only required to exercise reasonable and ordinary care to avoid injury to others, and it had a right, in the operation of its said train, to rely upon the assumption that said Street Car Company, in the operation of its cars over such crossing, for the protection of its passengers, would exercise the highest degree of care, and to that end would obey and observe not only the statutory rules and requirements for the protection of its passengers, but would exercise the highest degree of care."

These instructions were the law of the case which the jury were bound to follow. (*Ryan v. Tudor,* 31 Kan. 366, 2 Pac. 797; *Railway Co. v. Schroll,* 76 Kan. 572, 92 Pac. 596.) Moreover, they correctly state the law. As to the 15th instruction, see *Railway Co. v. Clinkenbeard,* 72 Kan. 559, 564, 84 Pac. 142; *Gilbert v. Railway Co.,* 91 Kan. 711, 139 Pac. 380, 92 Kan. 281, 140 Pac. 883; *Green v. Los Angeles etc. Ry. Co.,* 143 Cal. 31, 76 Pac. 719.

There is not, in our opinion, any evidence to sustain a judgment for exemplary damages as against the Missouri Pacific Railway Company. The most that can be said is that the company was negligent in not giving signals or warning of the intention to back the train across the street. Notwithstanding the finding of the jury, the evidence seems to be undisputed that a brakeman was near the end of the train and walked over the crossing ahead of it, warning persons near by of the approach of the train. The jury were correctly charged that the employees of the freight train had the right to assume that the motorman would bring the car to a full stop at least ten feet and not more than twenty feet before reaching the railroad tracks, and that the employees in charge of the freight train were only required to exercise reasonable and ordinary care to avoid injury to others. (*Gilbert v. Railway Co.,* supra.)

There is some contention that the brakeman should have looked and given a warning to the motorman when he heard the street car bumping over the mill track, but it must be remembered that the mill track is ninety-eight feet south of the track where the passenger train stood, and the brakeman was justified in assuming that the motorman, after running his car up in front of the main track, would make the stop required by law. The street car, the jury find, was traveling from three to five miles an hour. The freight train was a long one and was traveling at from two to three miles an hour.

The Missouri Pacific Railway Company contends that

material error was committed in the admission of evidence. Without any allegation in the petition that the Missouri Pacific was negligent because of any act of the engineer of the passenger train, the plaintiff was permitted to testify that the engineer, who stood beside his engine, oiling it, gave a signal to the motorman to come on. While the evidence should not have been admitted, we can not say that it was prejudicial to the Missouri Pacific Railway Company, for the reason that the special findings show that the jury disregarded it. They made no finding of any negligence based upon this evidence.

The findings we have quoted, and the evidence, are abundantly sufficient to sustain the judgment for exemplary damages as against the street railway company. The plaintiff and other witnesses testified that the motorman never looked to the west after the approach near the main track. His attention seems to have been directed almost wholly to the engine of the passenger train. There was no conductor on the street car, and the motorman had only three weeks' experience.

Of course, mere negligence is not sufficient, but the evidence here shows such a reckless disregard of consequences, such an indifference to natural and probable consequences as to amount to wantonness and to justify an allowance against the street railway company of exemplary damages. We think that the petition charged wantonness and recklessness on the part of the motorman sufficient to sustain the judgment. We are unable to see any inconsistency in the findings of which the street railway company can take any advantage. While the jury find that ordinary care on the part of the Missouri Pacific Railway Company would have prevented the plaintiff from being injured, finding No. 47, in substance, is that if the street car had been stopped in compliance with law, and the motorman had used due care in the subsequent operation of his car, the collision would not have occurred, and that

this was the proximate cause of the injury, combined with the negligence of the Missouri Pacific railway.

There was no error in the trial court's refusal to submit to the jury special findings Nos. 1, 2 and 3, requested by the street railway company. Findings Nos. 51 and 52, which were submitted and answered, are to the effect that the freight train was not standing still when the street car started across the tracks, and that the freight train did not start to back over the street after the street car had started across the tracks. It was not necessary for the court to require the jury to answer the same question on behalf of the street railway company, if it was submitted and answered by the jury at the request of the other company. The street railway company is allowed the advantage of the finding upon the same question, though submitted by its codefendant. We have examined each of the instructions requested by the street railway company and find no error in the refusal to submit them.

The first instruction requested was misleading in referring to "the tracks of its codefendant." The jury might have found that the freight train was not in motion when the street car started across the mill track, which was more than a hundred feet from the point of collision, but no negligence was charged against the street-car company by reason of its crossing the mill track or continuing to run its car until it came to the main track, and besides, there was no evidence to warrant the finding that the freight train backed suddenly. The evidence and findings both show that it was moving at the speed of from two to three miles an hour.

The second instruction does not correctly state the law. The plaintiff was a passenger of the street railway company, and it owed to her the highest degree of care. It could not relieve itself from its gross negligence in failing to stop its car before crossing the railway tracks on the ground that its codefendant was

guilty of negligence.    We find no error committed against the street railway company, and the judgment as to it will be affirmed.

The judgment against the Missouri Pacific Railway Company will be affirmed in part and reversed in part; no exemplary damages to be awarded as against it.