Dodson v. Moran.

No. 20,456.

D. W. DODSON, doing business as the CEMENT STAVE SILO COMPANY, *Appellee*, v. C. F. MORAN, *Appellant*.

### SYLLABUS BY THE COURT.

1. DEFECT OF PARTIES—*Not Raised by Pleadings—Treated as an Issue upon the Trial—Waiver.* A defect of parties should be raised in the answer or reply, but where the question is not so raised and the parties offer evidence upon the question and treat it as an issue in the case and the court instructs the jury thereon neither party can insist, upon an appeal, that the question had been waived by the failure to raise the question in the pleadings.

2. DUTY OF JURORS—*Must Accept and Follow Instructions.* It is the bounden duty of jurors to accept and follow implicitly the law as expounded to them by the court, and where they disregard the instructions and return a verdict in plain violation of them, the verdict should ordinarily be set aside.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT, judge. Opinion filed November 10, 1917. Reversed.

*Paul Brown,* and *Silas S. Brown,* both of Wichita, for the appellant.

*Fred Stanley, Claude C. Stanley, Benjamin F. Hegler,* and *George Siefkin,* all of Wichita, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action brought by D. W. Dodson to recover from C. F. Moran the balance of the price of a cement silo which Dodson had built for Moran. The action was begun in the city court, and from the judgment in that court the defendant took an appeal to the district court. An answer was filed by the defendant alleging that the silo built was defective and worthless, and he therefore asked to recover the amount he had already paid upon it. He also alleged that because of defects and the unfitness of the silo the ensilage placed therein was spoiled, and he presented claims for board furnished to plaintiff's men and for certain other things furnished to plaintiff during the building of the silo. This

Dodson v. Moran.

answer, it appears, was subsequently withdrawn. However, the same defenses were set forth by defendant in his opening statement to the jury, but there was no claim that the plaintiff was not a proper party to bring the action. A verdict and judgment in favor of the plaintiff for $157.50 was given, and the defendant appeals.

Although not mentioned in the answer filed or in the statement of defenses, defendant offered testimony tending to show that before the action was begun Dodson had transferred the claim to a partnership composed of himself and Kent Merry, and the jury returned a special finding to the effect that the plaintiff had transferred the claim against the defendant to the partnership before the commencement of the action.

On this appeal defendant contends that the action was not brought by the real party in interest; that the special finding is fatally inconsistent with the general verdict; and, also, that in returning a verdict the jury utterly disregarded the instructions of the court.

Under the code, actions must be prosecuted in the name of the real party in interest. The objection should have been raised by the defendant in the answer which he filed or in the statement of his defenses. However, testimony on the question was received without objection, and it was treated as an issue in the case. Defect of parties is not a ground of demurrer under the new code, section 93, and hence it does not fall within the waiver provision in section 95 of the code. Whatever might have been the result if a timely objection had been made to testimony concerning the transfer of the claim, the parties with the consent of the court made it an issue in the case and submitted it for the determination of the jury. The matter of waiver is therefore no longer available. The plaintiff cites *Ennis v. Nusbaum, Adm'r*, 90 Kan. 296, 133 Pac. 537, in support of the judgment, where it was held that if the one not a party had the sole right to maintain the action, the testimony which he had given in the case might be regarded as a virtual assignment of the claim to the plaintiff. Here the testimony of the partner Merry is entirely inconsistent with an assignment. He testified that there was no assignment of the claim to him.

38—101 Kan.

Apart from this consideration, there must be a reversal of the judgment. The court instructed the jury that if they found the claim to have been transferred to the partnership and to have been owned by it when the action was begun, no recovery could be had by plaintiff. In utter disregard of this instruction, the jury, after finding that there had been a transfer, returned a verdict in favor of the plaintiff. It was the bounden, duty of the jury to accept and follow the law as expounded to them by the court. Where a jury disregard so plain an instruction as the one in question and become a law unto themselves, who can say that other instructions of the court have not been ignored, or that proper consideration has been given to other questions involved in the case? In *Ryan v. Tudor*, 31 Kan. 366, 2 Pac. 797, it was said:

"Now whether the court was right or not in its instructions, it was the duty of the jury to accept them as correct, and be guided by them; and upon a failure so to do the verdict should be set aside." (p. 368.)

(*Railway Co. v. Schroll*, 76 Kan. 572, 92 Pac. 596; *McCullough v. Railway Co.*, 94 Kan. 349, 353,.146 Pac. 1005.)

The judgment will therefore be reversed and the cause remanded for a new trial.