No. 24,394.

E. T. WENZEL, *Appellant,* v. THE LYSLE MILLING COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

1. NEW TRIAL—*No Grounds Therefor Stated—No Basis for Reversible Error.* Rule followed that when a new trial is granted pursuant to a motion pleading all the statutory grounds, and when the particular ground for granting the new trial does not clearly appear, no error can be based thereon.
2. SAME—*Personal Correspondence No Part of Record.* Matters appearing in personal correspondence between counsel for the litigants, and between the trial judge and counsel for appellant, written after the judgment, form no part of the record, and cannot be considered on appeal.

Appeal from Leavenworth district court; JAMES H. WENDORFF, judge. Opinion filed April 7, 1923. Affirmed.

*J. Graham Campbell,* and *Ray Campbell,* both of Wichita, for the appellant.

*Lee Bond,* of Leavenworth, for the appellee.

Wenzel v. Milling Co.

The opinion of the court was delivered by

DAWSON, J.: This was an action for breach of a contract for the purchase of 5,000 bushels of grain.

The trial court instructed the jury, among other matters, that if they found the contract was made and breached by the defendants, they should render a verdict for the admitted or ascertained damages, $1,300, and for interest thereon from the date of the breach.

The jury returned a verdict for plaintiff for $1,300 with *no* interest, underscoring the word "no."

The defendant filed a motion for a new trial on all the statutory grounds. The plaintiff filed a motion for judgment for $1,625, being his computation of the amount of the verdict, $1,300, plus interest since the contract was breached. Plaintiff's motion was denied, and defendant's was granted.

Plaintiff appeals, arguing plausibly that since the general and special findings of the jury established the contract, the damages, and the date of the breach, the computation and addition of the interest were merely matters of mathematical calculation which the court could and should make, and enter judgment accordingly. If the trial court, as judge and as thirteenth juror, had been satisfied that defendant had been given a fair trial in all respects, including the fidelity and sincerity of the jury in following its instructions, plaintiff's contention would have considerable merit. (*Citizens' Bank v. Bowen,* 25 Kan. 117; *Mills v. Mills,* 39 Kan. 455, 18 Pac. 521; *Marsh v. Kendall,* 65 Kan. 48, 68 Pac. 1070; *Smith v. Railway Co.,* 90 Kan. 757, 136 Pac. 253; *Matthews v. McNeill,* 98 Kan. 5, 10, syl. ¶ 9, 157 Pac. 387; Note in 25 L. R. A., n. s., 311.)

But how are we to say on what particular ground the district court granted a new trial? The manifest insincerity of the jury in disregarding the instruction relating to interest may have led the court to believe that it was only by compromise of conflicting views on the question whether there was a contract at all that unanimity as to any sort of verdict could be reached. The court may have believed that neither the general verdict nor the special findings would have been for the plaintiff if the jury had dutifully regarded all the instructions. In *Dodson v. Moran,* 101 Kan. 592, 594, 168 Pac. 841, it was said:

"In uttter disregard of this instruction, the jury, after finding that there had been a transfer, returned a verdict in favor of the plaintiff. It was the

bounden duty of the jury to accept and follow the law as expounded to them by the court. Where a jury disregard so plain an instruction as the one in question and become a law unto themselves, who can say that other instructions of the court have not been ignored, or that proper consideration has been given to other questions involved in the case?"

And since the trial court did not specify the particular ground upon which it granted a new trial, there is no plain, conclusive, incontestible ground upon which this court can say that error was committed. (*Hughes v. Vossler*, 110 Kan. 279, 203 Pac. 1107.)

Plaintiff submits for our inspection a personal letter written by the trial judge to counsel for plaintiff after the judgment granting a new trial was rendered. This is no part of the record and cannot be considered. (*Emery v. Bennett*, 97 Kan. 490, 494, 155 Pac. 1075; *Whittaker v. Coffman*, 112 Kan. 594, 598, 212 Pac. 912.) Moreover, if the trial judge's letter could be considered, it by no means supports the contention of plaintiff. In part it reads:

"I felt that the jury positively disobeyed the instructions given them and for that reason I ordered the verdict set aside."

This rule also bars consideration of matters which appear in certain correspondence between counsel for the litigants, which form no part of the record.

Affirmed.