No. 24,343.

ANDY FRASURE, *Appellant*, v. GRANT RANEY and MRS. GRANT RANEY, *Appellees.*

### SYLLABUS BY THE COURT.

NEW TRIAL—*Order Granting Generally Not Qualified by Judge's Letter.* On appeal, an order granting a new trial generally, pursuant to motion based on all statutory grounds, is not subject to qualification by production of a letter written by the trial judge to all the attorneys in the case before the order was made, advising them a new trial should be granted for two reasons, which were stated.

Appeal from Stanton district court; CHARLES E. VANCE, judge. Opinion filed June 9, 1923. Affirmed.

*Walter L. Bullock*, of Dodge City, and *Will N. Bendure*, of Cimarron, for the appellant.

*George Getty*, of Syracuse, *William Easton Hutchison* and *C. R. Hope*, both of Garden City, and *R. J. Shetlar*, of Johnson, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by Frasure against the father and mother of his divorced wife, to recover damages for alienation of her affections. A verdict was returned in favor of the plaintiff. The court sustained the defendant's motion for a new trial, and the plaintiff appeals.

The motion for a new trial included all the statutory grounds. The journal entry contains the following recital:

Frasure v. Raney.

"And the court, after having heard the evidence and the argument of counsel, and having considered the written briefs submitted by the parties, and being fully advised in the premises, finds that the said motion should be sustained and a new trial granted.

"It is therefore by the court considered, ordered, and adjudged, that a new trial in the above-entitled cause be and the same is hereby granted."

It is conceded that on the face of the record the order granting a new trial may not be successfully contested. It is contended, however, that the court specified the grounds on which the order was based, and that they were not sufficient.

The new trial was granted on April 17. The judge of the district court resides in Garden City, and on April 14, before going to Stanton county, he addressed a letter to the attorneys in the case, advising them a new trial should be granted for two reasons, which were stated. The letter concluded as follows:

"I will therefore sustain the motion for new trial when I reach Johnson on Monday next, but thought it best to advise you in advance of my determination of the matter, inasmuch as I have had it under advisement for so long a time."

On April 23, the plaintiff's attorney filed the letter with the clerk of the district court.

Heretofore, many and varied attempts have been made to enlarge, restrict, explain, and otherwise affect the formal record before this court for consideration on appeal. Thus far they have all failed. Recent instances occur in *Whittaker v. Coffman,* 112 Kan. 597, 214 Pac. 406, and *Wenzel v. Milling Co.,* ante, p. 338. The extraneous matter usually originates after the formal record has been made. In this instance the judge's letter was written before he ruled. Filing the letter did not make it a judicial act, and the substantive part of the letter, or its equivalent, was not incorporated in the journal entry when the court did act. The journal entry shows the motion for a new trial was sustained generally, and not on specific grounds, and this court can consider nothing but the record.

The judgment of the district court is affirmed.