No. 24,132.

L. G. JOHNSON, *Appellant*, v. THE COMBINATION OIL & GAS COM-
PANY et al., *Appellees.*

### SYLLABUS BY THE COURT.

NEW TRIAL—*Failure of Jury to Follow Instructions.* This court will not re-
verse a judgment of the district court, granting a new trial on the ground
the jury misapprehended the issues and did not follow the instructions.

Appeal from Sedgwick district court; division No. 1; THOMAS E. ELCOCK,
judge. Opinion filed November 10, 1923. Affirmed.

*Ross McCormick,* of Wichita, and *Guy L. Hursh,* of Topeka, for the ap-
pellant.

*Jean Madalene,* of Wichita, for the appellees.

The opinion of the court was delivered by

BURCH, J.:   The action was one by a rescinding purchaser of
corporate stock to recover the price paid on the ground the sale
was induced by fraud. The jury returned a verdict against the
company, and returned verdicts in favor of officers and agents of
the company who were charged with the fraud. The court sustained
the company's motion for a new trial, and set aside all the verdicts.
Plaintiff appeals from the order granting the company a new trial.

Plaintiff purchased 1,000 shares of the company's stock. Seven
hundred and fifty of these shares had been issued to Groth, the
company's fiscal agent and manager, and the remaining 250 shares
had been issued to Stevenson, a director. The petition alleged these
stock issues were illegal and fraudulent, and had been held by the
certificate holders for the benefit of Jennings, president of the com-
pany, Groth, and some of the directors. The sale was made by one
who was registered as a stock salesman for the company. The pe-
tition alleged this salesman acted under the direction of Groth, who
approved, ratified, and accepted the benefits of the sale as the com-
pany's fiscal agent and manager. The company was an oil com-
pany. The sale was effected by means of false representations re-
lating to quantity of production and amount of property owned.
The statements regarding these subjects were contained in printed
matter issued by the company and shown to plaintiff by the sales
agent. Admissions of Jennings were introduced in evidence to the
effect that some of this printed matter was prepared by Groth and

approved by the board of directors. The petition charged the company did not receive the proceeds of the sale of stock to him except perhaps a small portion, and that the money was appropriated by Groth and those for whom the stock issues were made, who conspired together to make fraudulent sales of the stock.

The company answered that Groth and the sales agent were not its agents in selling the stock. The testimony was that a large block of the company's stock had been sold to Groth. The certificate was held by the company for its security, and as Groth reported sales, transfers were made. Groth was to sell the stock at $2 per share, and pay to the company $1.60 per share. This arrangement was made in the belief Groth could dispose of the stock, and the company would thereby obtain money needed to develop its properties. The sales agent was acting as Groth's agent in making the sale to the plaintiff.

The court instructed the jury that the law imposes liability on a principal for acts of an agent done within the course and scope of the agent's employment, and that all who participate in the perpetration of fraud or share in its fruits are liable to the person defrauded. The cause was submitted to the jury against the defendants, Groth, Jennings, and the company. After deliberation, the jury returned a verdict against the company. The court then instructed the jury as follows:

"You have by your verdict settled this controversy as between the plaintiff and the defendant, the Combination Oil & Gas Company. This case is also submitted to you as to the defendants, A. D. Jennings, Jr., and Edward J. Groth, and you are instructed to retire to your jury room and consider the case as it has been heretofore submitted to you concerning the controversy as to such defendants."

After further deliberation, the jury returned separate verdicts in favor of Groth and Jennings. With the verdict the jury returned special findings of fact to the effect the stock sold to plaintiff belonged to the company, the company, through Groth, approved the false representations of the sales agent, and Jennings participated in the proceeds of the sale to plaintiff, as a member of the company. Plaintiff moved for judgment against Groth and Jennings on the special findings of fact. The company likewise moved for judgment in its favor. The journal entry sustaining the company's motion for a new trial reads as follows:

"The various verdicts rendered seem to show that the jury totally misapprehended the issues raised, and did not follow the instructions, for which

Johnson v. Oil & Gas Co.

reasons the court finds that the interests of justice require that a new trial be granted. It is, therefore, ordered that, for the reasons herein stated, the motions for new trial be and the same hereby are sustained."

When considering a motion for a new trial, the court views the work of the jury in its entirety, and in this instance the court was confronted with a botched job. A corporation cannot act except through officers and agents, and if the company defrauded plaintiff, Groth, to say nothing of others, was a guilty agent. The jury regarded its work as completed when it returned a verdict against the company. When sent back to the jury room to finish its work, it acquitted Groth. It did this in opposition to its finding resting the company's connection with the selling agent's representations upon Groth, and in violation of the instruction that all who participated in the fraud were liable. In view of this performance, what was the court to do?

If the court had been satisfied with the result of the trial except for the inconsistency between the verdict against the company and the special findings on one side, and the acquittal of Groth on the other, it might have approved the verdict against the company. (*Van Gundy v. Motor Car Co.*, ante, p. 366.) But the court was not satisfied. The jury had seemingly totally misapprehended the issues, and had disregarded the instructions. The interests of justice required a trial by a jury capable of apprehending the issues and the instructions, and willing to decide the case according to law. Therefore the court sustained generally the motion for a new trial, which stated all the statutory grounds.

Among the statutory grounds for new trial are misconduct of the jury and contrariety of the verdict in whole or in part to the evidence. Misapprehension of issues and disregard of instructions are not specifically included. Leaving misapprehension of issues at one side, a disregard of instructions indicating vitiation of the jury's work has long been regarded as sufficient to uphold an exercise of discretion in granting a new trial. In the case of *Howell v. Pugh*, 25 Kan. 96, the jury disregarded instructions, and the court granted a new trial. In affirming the judgment the court, speaking through Mr. Justice Brewer, said:

"The due and orderly administration of the law requires that the jury should follow the clear instructions of the trial court; then any error may be corrected. But when the jury attempt to review and revise the law as given to them by the court, it will surely lead to confusion and frequent injustice." (p. 99.)

In the case of *Irwin v. Thompson*, 27 Kan. 643, the court said:

"The jury were bound to act upon it [an instruction] as law, and if in their verdict they disregarded it, it was the duty of the trial court, and it is now the duty of this court, to set that verdict aside." (p. 645.)

In the case of *Ryan v. Tudor*, 31 Kan. 366, 2 Pac. 797, this court reversed a judgment of the district court based on a verdict returned in disregard of an instruction.

In the case of *U. P. Rly. Co. v. Hutchinson*, 40 Kan. 51, 19 Pac. 312, the syllabus reads:

"The instructions of the trial court to the jury are the law of the case, for the jury to obey and follow. If the instructions of the trial court are wholly disregarded by the jury upon a material question of law, their verdict in defiance thereof ought not to be the foundation for any judgment."

In the case of *Railway Co. v. Schroll*, 76 Kan. 572, 92 Pac. 596, an exhibit attached to the petition contained a material statement made by plaintiff. The court instructed the jury to accept the statement as true. The jury disregarded the instruction and returned a verdict for plaintiff, which the district court approved. This court reversed the judgment, and ordered judgment for defendant. The syllabus reads as follows:

"Where in such an action the court, without objection, instructed the jury to accept the statements of the exhibit attached to the petition as true, such instruction became the law of the case, and it was the duty of the jury to follow and obey the direction given. A verdict returned in violation of such instruction does not furnish a legal basis for a judgment." (¶ 2.)

In the opinion in the case just cited, previous decisions of this court on the subject are collated.

It is true that the large discretion vested in trial courts in granting and refusing new trials is a legal and not an arbitrary discretion, and does not exist unless authorized by law. (*Sovereign Camp v. Thiebaud*, 65 Kan. 332, 69 Pac. 348.) If logical consistency be a *sine qua non*, it may be said that returning a verdict in defiance of an instruction may, under attending circumstances, be regarded as a species of misconduct by the jury. However this may be, a party suffers no prejudice to any substantial right when deprived of the benefit of a verdict rendered by a jury who did not apprehend the issues and who disregarded the law, as given in the court's instructions; and generally, the law of appellate procedure prevents this court from interfering with an exercise of discretion in granting a new trial when the district court is not satisfied that substantial justice has been done, even although technical statutory grounds for

the new trial are not deducible.  (*City of Sedan v. Church*, 29 Kan. 190.)

The case just cited was decided forty years ago and, in view of the many appeals from orders granting new trials which this court has recently been called on to consider, it may be well to reprint here a portion of the opinion:

"New trials ought to be granted whenever in the opinion of the trial court the party asking for the new trial has not in all probability had a reasonably fair trial, and has not in all probability obtained or received substantial justice, although it might be difficult for the trial court or the parties to state the grounds for such new trial upon paper so plainly that the supreme court could understand them as well as the trial court and the parties themselves understood them.  And generally where the trial court grants a new trial to one party, it would be best for the other party, if he supposes he has a reasonably good case, to rely upon the new trial, and the verdict or finding to be obtained at the new trial, in preference to immediately taking the case to the supreme court; for unless the supreme court can see, beyond all reasonable doubt, that the trial court has manifestly and materially erred with reference to some pure, simple and unmixed question of law, and that except for such error the ruling of the trial court would not have been made as it was made, and that it ought not to have been so made, the supreme court will not reverse the order of the trial court granting the new trial."  (p. 191.)

The judgment of the district court is affirmed.