[S. F. No. 2386.   Department One.—December 29, 1902.]

## J. W. McCLUNG, Respondent, v. J. J. MOORE, etc., Appellant.

Appeal — Disobedience of Jury to Instructions — Appellant not Injured.—The disobedience of the jury to the instructions of the court, that, if they found for the plaintiff on the contract alleged, they should find for the full amount claimed, otherwise they should find for the defendant, in that they found for the plaintiff in a less amount, is error of which the plaintiff might complain, but is not to the injury of the defendant, and cannot be complained of by him upon appeal from a judgment against him for the less amount.

Id.—Presumption in Favor of Verdict—Abandoned Count.—Where the jury were expressly instructed that the second count of the plaintiff's complaint was abandoned, and that if they did not find for the plaintiff on the contract alleged in the first count, they must find for the defendant, it must be presumed upon appeal in favor of the verdict that they did not find upon the abandoned count, but obeyed the instructions of the court in that regard.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial.   John Hunt, Judge.

The facts are stated in the opinion.

Gordon & Young, for Appellant.

Henley & Costello, for Respondent.

COOPER, C.—Appeal from judgment in favor of plaintiff and order denying defendant's motion for a new trial. The action was brought to recover of defendant a commission for services in selling 8,497 tons of coal. The complaint contains two counts; the first on an express contract, by which it is alleged that the defendant agreed to pay plaintiff fifty cents per ton as commission; the second for the reasonable value of plaintiff's services as a broker in selling the coal, which, it is alleged, was $3,500.

The second count was abandoned during the trial, leaving the contest solely on the express contract as alleged in the first count. The case was tried before a jury, and a verdict

rendered for plaintiff in the sum of $764.73, for which sum judgment was entered. No error is claimed as to the admission or exclusion of evidence, nor as to any instruction given or refused. No claim is made as to the insufficiency of the evidence to justify the verdict, if it had been for a larger amount. But the sole contention of defendant's counsel is, that the jury disregarded the instructions of the court, and that its verdict, if for the plaintiff, should have been for $2,988.50, the amount that was due plaintiff if the express contract was found. The court instructed the jury that the plaintiff relied solely upon the express contract, and that if they found that the contract was made as alleged, then their verdict should be for plaintiff in the amount claimed. The court further instructed the jury, that "if, on the other hand, you find that no special agreement was made, then your verdict should be for the defendant."

As the verdict was not for defendant, the jury found by implication that there was a special agreement, as testified to by plaintiff. The court told the jury that if they found such special agreement, then the plaintiff should have a verdict for the amount claimed. The jury disregarded the instruction as to the amount of its verdict, thereby giving plaintiff a verdict for $2,223.77 less than he should have had under the express agreement. While the plaintiff might have appealed and claimed that the verdict was injurious to him by being for less than he was entitled to under the agreement, it cannot be claimed by defendant that the error committed by the jury injured him. He does not contend that the evidence would not have supported a verdict for the full amount claimed by plaintiff. If it would support a verdict for $2,988.50, it supports the verdict for $764.73. The greater includes the less. It is claimed that the jury found for the plaintiff on the second count contrary to the instructions of the court. We cannot so presume. The court expressly told the jury that the second count was abandoned, and that if they did not find a contract the verdict should be for defendant. We must presume that the jury obeyed the instructions of the court in order to sustain their verdict. All presumptions here are in favor of the verdict. We cannot presume, in face of the verdict, that the jury obeyed the instruction as

to the amount, but the defendant cannot complain of error which did him no injury.

The judgment and order should be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

Harrison, J., Van Dyke, J., Garoutte, J.