G. W. BRESSLER, *Appellee,* v. GEORGE McVEY,
*Appellant.*

No. 16,503.

SYLLABUS BY THE COURT.

VERDICT—*Contrary to the Evidence—Excessive or Inadequate Award.* Where the sole question submitted to a jury is whether the plaintiff is entitled to recover upon a contract, and there is no dispute concerning the amount nor any basis for a finding that the defendant owes a less sum than that claimed, a verdict for half the amount should not be received, and if received should be set aside as contrary to the evidence at the instance of either party.

Appeal from Norton district court; WILLIAM H. PRATT, judge. Opinion filed April 9, 1910. Reversed.

*J. R. Hamilton,* for the appellant.
*L. H. Thompson,* for the appellee.

The opinion of the court was delivered by

MASON, J.: G. W. Bressler sued George McVey for a real-estate broker's commission. He asserted that a contract had been made by which if he found a purchaser he was to receive whatever the property brought in excess of $7000; that he had procured a customer ready and able to take it at $7500, but that the defendant, without just cause, refused to convey. While the answer was a general denial, the defense developed at the trial was that the plaintiff's agency was not exclusive, and that before his negotiations culminated a sale had been made to another buyer. There was no dispute as to the amount of the commission—the only controversy was whether it had been earned. The jury, however, returned a verdict for the plaintiff for $250, upon which judgment was rendered, from which the defendant appeals.

The appellant claims that the judgment should not stand because it is contrary to the evidence, inasmuch as, whatever view may have been taken of the conflicting testimony, the plaintiff was entitled to $500 or to nothing at all. The appellee seeks to answer this contention by saying that a party can not complain that a judgment against him is too small. That, however, is not the ground of the appellant's complaint. He finds fault with the judgment, not because it is not large enough, but because it rests upon a verdict utterly without support in the evidence. If the verdict could be construed as a finding in favor of the plaintiff it would support a judgment not merely for $250, but for $500. But it is no more for him than against him. If the jury believed his story they were bound to render a verdict for the full amount. In deciding that he was not entitled to $500 they in effect refused to accept his version of the matter. The case was not one where by discrediting a portion of his testimony his claim could be allowed in part, nor was there room for

error in computation or for misapprehension in esti-
mating the amount of recovery. The only question
submitted to the jury was, Did the plaintiff earn his
commission? The process by which the verdict was
arrived at is perfectly obvious. If the plaintiff testi-
fied truly, the defendant owed him $500; if not, there
was no indebtedness. The jury were called upon to
determine which condition existed, but instead of do-
ing so they assumed to settle the controversy by allow-
ing one-half of the claim and disallowing the other
half, no doubt with the idea that "splitting the dif-
ference" was a fair method of compromising the dis-
pute. But in this they mistook their function. Each
litigant, the defendant no less than the plaintiff, was
entitled to an answer to the question the jury were
impaneled to determine.

"Where the verdict which the jury return can not
be justified upon any hypothesis presented by the evi-
dence, it ought obviously to be set aside. Thus, if a
suit were brought upon a promissory note, which pur-
ported to be given for $100, and the only defense was
that the defendant did not execute the note, and the
jury should return a verdict for $50 only, it would not
be allowed to stand; for it would neither conform to
the plaintiff's evidence, nor to that of the defendant.
It would be a verdict without evidence to support it;
and it is not to be tolerated that the jury should thus
assume, in disregard of the law and evidence, to arbi-
trate the differences of parties, or to decide according
to some supposed natural equity, which in reality is
merely their own whim." (2 Thomp. Trials, § 2606.)

The court has undoubted power to refuse to accept
a verdict rendered under such circumstances. (*Hines
v. Royce,* 127 Mo. App. 718; *Chandler v. Hinds,* 135
Wis. 43.) If it is received it should be set aside at the
instance of either party, as contrary to the evidence.
The plaintiff's right to demand this is recognized in
recent decisions of this court. (*Thompson v. Burtis,*
65 Kan. 674; *Miller v. Miller,* 81 Kan. 397.) The de-
fendant's right is equally clear in reason, and is sup-

ported by decisions in other jurisdictions. A typical case is *Metz v. Campbell Printing-Press & Manuf'g Co.*, 32 N. Y. Supp. 155, where it was said:

"The only issue created by the pleadings was with regard to the making of the alleged agreement. . . . No other issue was litigated upon the trial, . . . and the only question submitted by the learned trial judge to the jury was whether or not the alleged agreement was made. . . . Upon the pleadings and the evidence, the verdict should have been either for the plaintiff in the amount claimed or for the defendant. The jury might well, upon the conflict of evidence which ensued upon the trial, have found either way; but they could not with consistency find both ways. A verdict which repudiated the alleged agreement, and yet awarded any recovery to the plaintiff, was mani-festly unjust to the defendant." (Page 156.)

Of precisely the same character are *Fuld v. Kahn*, 24 N. Y. Supp. 558, and *Pionier v. Alexander*, 28 N. Y. Supp. 157. In *Benedict v. Beef & Provision Co.*, 115 Mich. 527, the chief justice said:

"The jury were . . . bound . . . to give plaintiff the entire amount of this claim or to reject it entirely. It is, however, urged that, since the jury have found that the contract was as claimed by plaintiff, and have fixed the amount at less than that to which he testified, the defendant is not prejudiced. Every litigant is entitled to have the verdict against him based upon evidence. . . . A litigant is always prejudiced when he can point to the record and say there is no tangible evidence to support the verdict." (Pages 529, 530.)

The other members of the court took a different view of the evidence, but said that "there is no doubt that, where the record is such as to make it clear that the jury have reached the result by 'splitting differences,' neither party has had the benefit of their judgment, and such verdict ought not to be permitted to stand." (Page 530.)

Other objections are made to the judgment, but they are not regarded as substantial. The judgment is reversed and a new trial ordered.