The North Electric Company, *Appellant*, v. C. L. Brown, *doing business under the name of the Union Electric Company, Appellee.*

No. 17,558.

HEADNOTE BY THE REPORTER.

1. Amended Pleading—*Judicial Discretion.* Where the specific allegation of the authority of an agent had remained unchallenged from June 12, 1909, to September 10, 1910, it was well within the discretion of the court to refuse to allow the allegation to be put in issue by filing a verified denial.

2. Compromise Verdict—*Set Aside.* Where there is no dispute concerning the amount which plaintiff should recover, if anything, a verdict for a less amount, rendered under such circumstances as to suggest that it was reached by a compromise among the jurors, should not be allowed to stand.

Appeal from Dickinson district court.   Opinion filed April 6, 1912.   Reversed.

*R. H. Seeds*, for the appellant.

*Per Curiam:* The North Electric Company sued C. L. Brown upon an account for $263.82.   The defendant admitted the correctness of the account but claimed a balance of $118.68 in his favor by reason of damages he had sustained from the breach of a contract to sell

him a quantity of copper wire for $26,052.50, for which he was consequently obliged to pay $382.50 in excess of that amount. The defendant recovered a judgment for $1.18, and the plaintiff appeals.

A motion was filed to make the answer more definite by stating whether the contract for the purchase of the wire was in writing, and if so by setting out a copy, and by stating when and from whom the wire was finally purchased. On May 20, 1909, this motion was sustained, and the answer was ordered to be amended in accordance with the motion. On June 12, 1909, an amended answer was filed containing a new averment, to the effect that the plaintiff's contract for the sale of the wire was made through one D. E. Whipple, and that he had authority for that purpose. On July 20, 1909, the plaintiff filed a reply, consisting of an unverified general denial. On September 12, 1910, it filed a motion to strike out the allegation of Whipple's authority, on the ground that it was new matter foreign to the purpose for which an amendment had been ordered. This motion was overruled on the same day, and the plaintiff then asked leave to verify his reply so as to deny under oath the allegation of Whipple's authority. This permission was refused. These rulings against the plaintiff are complained of. We think that where the specific allegation of the authority of an agent had remained so long unchallenged, it was well within the discretion of the court to refuse to allow it to be put in issue.

The defendant testified that he made an oral contract with Whipple for the purchase of the wire. Whipple testified that he orally accepted the order, subject to the approval of the head office of his company. After the conversation to which these witnesses referred the defendant wrote a letter of confirmation in which elaborate specifications were set out. The defendant maintained and the plaintiff denied that these specifications were implied by trade usage. The evidence seemed to

Electric Co. v. Brown.

make that question one of fact. The real issue between the parties was whether the oral order was accepted conditionally or unconditionally. The points sought to be made as to the details of specification, delivery and terms of payment are not important if there was in fact an oral proposition and acceptance sufficiently specific to constitute a contract.

Another part of the proceedings to which objection is made seems, however, to require the granting of a new trial. The plaintiff contends that under the evidence either the defendant was entitled to the full amount claimed, or he was not entitled to anything at all. The contention appears to be well founded. The jury at first returned a verdict for the defendant for $285, probably intending that as the amount of damages to which he was entitled, overlooking the plaintiff's account on which the action was brought. There seems no theory of the evidence that would support this appraisement of damages. The court refused to receive this verdict, and the jury, upon being directed to deliberate further, reduced the amount by approximately, but not exactly, the plaintiff's claim, with interest. Were it not for these proceedings it might be supposed that the final verdict of $1.18 resulted from a misplacing of the decimal point. The probability seems to be that the jury reached an agreement to find for the defendant by awarding him a less sum than the evidence compelled if he was to recover at all. While ordinarily a party can not complain that a verdict against him is too small, a verdict not supported by any evidence, and suggesting that it was reached by a compromise among the jurors, should not be allowed to stand. (*Bressler v. McVey*, 82 Kan. 341, 108 Pac. 97.)

The judgment is reversed and the cause remanded for further proceedings.