No. 18,646.

E. HART, *Appellee*, v. THE GERRETSON COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

JUDGMENT—*Not Sustained by the Findings or the Evidence— New Trial.* A defendant is entitled to a reversal where the court sets aside a general verdict in plaintiff's favor and renders judgment against the defendant for a sum which is not sustained by the evidence or findings, and which is contrary to any theory contended for although less than the plaintiff claimed and less than he was entitled to recover, if his theory of the case was correct.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed February 7, 1914. Reversed.

*James A. Troutman,* of Topeka, for the appellant.

*Edwin L. O'Neil,* of Topeka, *M. Defoe Pypes, Ross B. Gilluly,* and *Dwight M. Smith,* all of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

PORTER, J.: The defendant seeks to reverse a judgment in plaintiff's favor on the ground that upon the evidence and findings of the jury the plaintiff was either entitled to judgment for a larger sum or for nothing.

The action was for a breach of contract by which plaintiff claimed he was employed by the defendant as a traveling salesman for six months and was to receive a salary of $25 a week for two months, $50 a week for four months, $75 per week for traveling expenses while on the road, and a commission of 7 per cent on all sales made in his territory. The contention of the defendant was that plaintiff was employed upon a guarantee that he could sell $30,000 worth of goods

in six months; that the 7 per cent commission was to cover his entire compensation; that the $25 and $50 a week and the amount paid for traveling expenses were merely advances against his commission account. The plaintiff claimed that these weekly payments were a guaranteed sum which he was to receive regardless of sales made or commissions earned, and that there was due him a balance of $585. His sales amounted to only $2956.68. Defendant in its counterclaim alleged that it had advanced him during the four months period $1250, and claimed that he was indebted to the company in the sum of $1043.04, after allowing him his commissions on actual sales.

The jury returned a verdict in plaintiff's favor for $420. The defendant filed a motion for judgment on the special findings for the full amount of its counterclaim, and also a motion to set aside the verdict and for a new trial. The plaintiff filed a motion for judgment on the special findings for $585. The motion of the plaintiff to set aside the verdict was sustained, but the court rendered judgment against defendant for $463.63.

The verdict of the jury was evidently a compromise, as appears from two special findings which were permitted to stand. Asked to state if the plaintiff was to receive the guaranteed sums referred to, the jury answered as follows: "Yes, but we deem the expenses as exorbitant in plaintiff's account."

The same answer was returned to another question in which they were not asked anything respecting his expense account. It is quite obvious that the jury believed that he had charged more for expenses than he had paid out. There was no evidence offered by defendant as to the amount of the expenses, the defendant's theory being that it was not responsible for any portion of them.

We think that in principle the case is controlled by the decision in *Bressler v. McVey*, 82 Kan. 341, 108 Pac. 97. There the verdict of the jury was for $250. The defendant claimed that the judgment should be set aside because the plaintiff was either entitled to all his claim of $500, or nothing. It was said in the opinion:

"In deciding that he was not entitled to $500 they in effect refused to accept his version of the matter. The case was not one where by discrediting a portion of his testimony his claim could be allowed in part, nor was there room for error in computation or for misapprehension in estimating the amount of recovery." (p. 342.)

In the present case, if there had been a finding showing the amount of expenses that the jury believed from the evidence plaintiff was entitled to, the judgment, if in his favor for any sum, must necessarily have included that amount. In the absence of a finding that he was not entitled to any expenses the court was not authorized to disallow the whole sum claimed on that account. The court could not, without some basis in the findings or evidence, adopt part of plaintiff's theory and arbitrarily reject the rest. If plaintiff's theory of the contract was true, he was entitled to $135 more. In his briefs in this court he still asserts that the judgment should have been for $585. If, on the other hand, the contract was that the payments were mere advances on the commission account, the defendant was entitled to recover. Other cases in point are: *Thompson v. Burtis*, 65 Kan. 674, 70 Pac. 603; and *Miller v. Miller*, 81 Kan. 397, 105 Pac. 544.

In each of the last two cases judgment was reversed at the instance of the plaintiff because the amount allowed him was less than the evidence showed him to be entitled to, if entitled to anything. In *Bressler v. McVey*, supra, the right of the defendant to have a new trial where the judgment is not in accordance with any theory contended for was sustained, although the

Hisle v. Railway Co.

amount of the judgment was less than the plaintiff claimed.

In our view justice will best be served by a reversal of the judgment with directions to grant a new trial.