No. 18,868.

S. S. SMITH et al., Partners, etc., *Appellees*, v. ROBERT HANSON, *Appellant*.

SYLLABUS BY THE COURT.

1. SALE — *Hay* — *Written Contract* — *Contemporaneous Oral Agreement*—*Weight of Hay*. The evidence held to justify the admission of testimony as to a contemporaneous oral agreement fixing the time when the weights of certain stacks of hay, sold under a written contract, were to be determined.

2. SAME—*Erroneous Verdict*—*Set Aside*. A verdict set aside on the ground that if the plaintiff was entitled to recover at all the amount was to be fixed by a definite rule, which was not applied.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed November 14, 1914. Reversed.

*Park B. Pulsifer,* and *Charles L. Hunt,* both of Concordia, for the appellant.

*F. W. Sturges, Fred W. Sturges, jr.,* both of Concordia, and *S. N. Hawkes,* of Stockton, for the appellees.

The opinion of the court was delivered by

MASON, J.: On September 12, 1910, Robert Hanson sold to Smith Brothers & Cooper a quantity of hay in the stack, at $8 a ton, $1000 down, and the balance to be payable on or before October 1. The terms of the sale were fixed by a written contract containing this provision for determining the weight:

"All hay sold shall be measured in the stack, but second parties [the buyers] shall have the option, after the hay has been measured, of computing the number of tons of hay in said stacks, in the following manner:

"The parties hereto shall select not more than four stacks of hay, which shall be weighed, and the number of tons of hay, as compared with the number of cubic feet in said stacks, shall be the rule for ascertaining the number of tons of hay in the remaining stacks, which are to be measured only. Said hay shall be measured not later than September 26, 1910."

The hay was measured September 26, and on the basis of the measurement a computation was made showing 952¾ tons, estimating 400 cubic feet to the ton. A few days later the buyers paid the seller $6622, which would be the balance due on that basis. Afterwards the buyers selected two stacks, which were weighed from November 29 to December 2, and upon the basis thus afforded computed the total weight to be 599 tons, or 353¾ tons less than the amount for which they had paid. They thereupon sued the seller for $2830, the amount they alleged they had overpaid.

They recovered a judgment for half that amount, and the defendant appeals.

The defendant maintains that by a fair interpretation of the written contract the plaintiffs' option to have a part of the hay weighed, and to have the correction thus ascertained applied to the whole of it, was to be exercised, if at all, on or before October 1 (inasmuch as the balance of the purchase price was due at that time and no provision was made for a readjustment after payment), and that as nothing was done in the matter until after that time the right to insist upon having any stacks weighed was lost, and the original computation based upon the measurement became conclusive between the parties. There was evidence that the hay was purchased to be fed to sheep, which were to be bought by the plaintiffs later, and were bought about November 1. The jury found, upon sufficient evidence, that there was an oral agreement that the hay was to be weighed when pens were completed and before any great amount of hay was fed, and that it was weighed about November 10. There was also evidence that the weighing of the hay occupied five days, and could not have been accomplished in less time. We think under these circumstances it was competent to show the oral agreement as to the time the weighing was to be done.

The verdict rendered, upon which the judgment was based, was for exactly half of the amount claimed. The defendant insists that this was necessarily a compromise verdict wholly without support in the evidence; that if the weights of the hay control the plaintiffs were entitled to the full amount claimed, otherwise to nothing at all, and that in either event the verdict must be set aside, under the authority of *Hart v. Gerretson Co.,* 91 Kan. 569, 138 Pac. 595, and cases there cited. This contention appears to be well founded. There was evidence based upon the estimated quantity of hay that would be consumed by a stated number of sheep within a given time, upon which an estimate might perhaps

have been made corresponding to the verdict.  But we regard the contract as fixing the manner in which the weight of the hay should be determined.  If the weight was decided by ascertaining the number of tons in two of the stacks, and applying the proportionate correction to the whole, that result would govern.  If, through fault of the plaintiffs, no stacks were weighed, then the original estimate based on the measurement would govern.  If, through no fault of the plaintiffs, the weighing of the sample stacks was prevented, it might be permissible to resort to some other method of determining the actual weight.  The defendant maintains that, through some mistake, the measurements applied to the two stacks, which were weighed, were not those of these two stacks, and the jury may have so found.  But in that case no reason is apparent why the correct measurement should not have been applied, and the weight determined in that manner.  The jury could determine which stacks were actually weighed, and whichever they were, it would seem there should be no difficulty in ascertaining their measurement.  Upon these grounds the judgment is reversed and a new trial ordered.  This view of the case will doubtless suggest a more liberal rule in the examination of a witness as to the location of the stacks, and require a modification of the instructions given.

Several minor issues were tried and determined, and there is no occasion for setting aside the verdict as to them.