No. 20,405.

J. F. HOLLICKE, *Appellee,* v. THE MISSOURI PACIFIC RAILWAY
COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. COMMON CARRIER—*Failure to Deliver Goods—Evidence.* In an action
for damages for the failure of a carrier to deliver two boxes of goods,
the evidence held sufficient to warrant submitting to the jury an issue
whether two boxes short in one shipment were the same two found
to be over in another.

2. SAME—*Loss of Merchandise — Evidence of Value — Verdict Unsup-
ported by any Evidence.* In such an action the only evidence as to
the contents or value of the missing boxes was that of the plaintiff,
who testified that one of them contained 192 suits of underwear, worth
$83.87, and the other sixty-three men's suits worth $12 each, or $756.
Several witnesses testified that his reputation for veracity was bad.
The jury returned a verdict for $300. *Held,* on appeal by the de-
fendant, that the verdict must be set aside for lack of any evidence
warranting a finding of that amount, because if the jury disbelieved
the only witness on the subject, they had no basis for determining
how much he had exaggerated, or for forming an independent judg-
ment as to the value of the goods.

Appeal from Sedgwick district court, division No. 2;
THORNTON W. SARGENT, judge. Opinion filed December 9,
1916. Reversed.

*W. P. Waggener, J. M. Challiss,* both of Atchison, *A. E.
Crane,* of Topeka, and *J. C. Bentley,* of Wichita, for the appel-
lant.

*Kos Harris, V. Harris,* and *I. H. Stearns,* all of Wichita, for
the appellee.

The opinion of the court was delivered by

MASON, J.: J. F. Hollicke sued the Missouri Pacific Rail-
way Company for its failure to deliver two boxes of goods out
of a shipment of nineteen, made from Bison to Sedgwick. He
recovered a judgment, from which the defendant appeals.

1. The failure to deliver the two boxes at Sedgwick was ad-
mitted, but the company maintains that they were delivered at
Wichita, together with a shipment of six other boxes made by
the plaintiff to that point from Bison at the same time. That

eight boxes were delivered at Wichita seems established, but the plaintiff insists that the two extra boxes must have been from some other shipment, and that at all events they could not have been the two boxes missing from the Sedgwick consignment, one of which contained men's suits and the other underwear, while those delivered at Wichita contained shoes. The jury obviously accepted this theory. The defendant maintains that there was no evidence to support it. There was testimony tending to show that all the boxes bore labels showing their contents, that the missing boxes were larger than those containing shoes, that the extra boxes delivered at Wichita did not correspond to them in size, and that the persons who probably unpacked the boxes at Wichita did not remember that any of them contained underwear or men's suits. The evidence on this phase of the matter was very far from convincing, but is held to have been sufficient to warrant submitting the issue to the jury.

2. The plaintiff testified that one box contained underwear worth $83.87, and the other sixty-three men's suits worth $12 each. There was no other evidence as to the value of the contents, but a number of witnesses testified that the plaintiff's reputation for veracity was bad. . The verdict and judgment were for $300. The defendant asks a reversal on the ground that there was no evidence whatever to support a finding of' this amount. The rule is familiar that the party against whom a judgment is rendered may contest it on the ground that it is not supported by any evidence, although conceding that the evidenced would have warranted a judgment for a larger amount. (*Hart v. Gerretson Co.,* 91 Kan. 569, 138 Pac. 595, and cases there cited; *Smith v. Hanson,* 93 Kan. 284, 144 Pac. 226.) In support of the verdict it is contended that the jury, while believing that the railway company had failed to deliver the two boxes, may reasonably have concluded that the plaintiff had overstated the quantity of goods they contained (there having been some difference in the testimony as to their size), or that the plaintiff, whose veracity the evidence tended to impeach, had exaggerated their value. A jury, of course, may believe a part of the testimony of a witness and reject the rest. And a finding of value may be upheld although no witness may have testified to the particular amount found. Here, however, all that was stated concerning the goods was the num-

ber of suits and the value of each, nothing being said as to their character, quality or condition, although it is suggested that as they were shipped from one store to another they may be presumed to have been somewhat shelf-worn. The court is of the opinion that if the jury disbelieved the testimony of the plaintiff as to the value of the goods, there was nothing in the evidence that enabled them to make an intelligent estimate as to the reduction that should be made from his figures on account of his disposition to exaggerate, or to make an independent appraisement, and therefore that the verdict is unsupported by the evidence and should be set aside.

The judgment is reversed and the cause remanded for a new trial.