Smith Bros. v. Hanson.

No. 20,654.

S. S. SMITH et· al., Partners as SMITH BROTHERS & COOPER, *Appellees*, V. ROBERT HANSON, *Appellant*.

SYLLABUS BY THE COURT.

1. SALE—*Hay—Measurements—Evidence—Issues Involved*. In view of the issues involved, and attitude of the parties, it was error to exclude proffered testimony as to the correctness of the defendant's method of measuring the hay involved herein.

2. SAME—*Fraud*. Under the circumstances of this case the issue of fraud is practically negligible—the vital question being the amount of hay actually purchased.

3. TRIAL—*Manner of Selecting Jurors—Not Approved*. The issuance of a subpœna for certain jurors not called as witnesses, although no substantial prejudice is ·shown in this instance, not approved.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed June 9, 1917. Reversed.

*Park B. Pulsifer, Charles L. Hunt,* and *Clyde L. Short,* all of Concordia, for the appellant.

*F. W. Sturges, F. W. Sturges, jr.,* both of Concordia, and *S. N. Hawkes,* of Stockton, for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiffs bought a large amount of alfalfa with which to feed sheep, and after having paid for the same and claiming to have discovered a large shrinkage in the amount brought this suit to recover the difference. They alleged, among other things, that the defendant represented that the alfalfa amounted to about 900 tons, and,

"That defendant to induce plaintiff to pay for more hay or alfalfa than there really was, did falsely state, represent and warrant to them, that 400 cubic feet of said hay measured as defendant· measured it, would equal or amount to one ton, that he had often measured and weighed the hay grown upon said premises under other contracts in reference to the sale thereof similar to this with plaintiffs, and had never been required to settle by weight, for that in such instances, after weighing the measurements of defendant had been found correct and favorable to the purchaser, upon a basis of 400 cubic feet to the ton, all of which statements and representations were false and untrue and so

known by said defendant to be, and 400 cubic feet of said hay, measured as defendant measured it, would not make a ton, nor hardly two-thirds thereof, which said defendant well knew."

It was agreed that the plaintiffs should have the option of weighing certain stacks and from the weight should be ascertained the entire number of tons in all the stacks measured. It was alleged that by accepting the measurement of the stacks about which there is no dispute there were according to the plaintiffs' theory of 400 cubic feet to the ton 952¾ tons; that upon weighing certain stacks the correct amount of hay was found to be only 599 tons, leaving a difference which at $8 a ton would make an excess of $2830 paid. The trial resulted in a jury allowing the plaintiffs just one-half of the amount claimed, and on appeal to this court, *Smith v. Hanson*, 93 Kan. 284, 144 Pac. 226, it appeared that according to the plaintiffs' theory of weight they were entitled to twice what the jury had allowed, and that in order to substantiate their claim they had introduced evidence as to the amount of alfalfa a sheep would consume in a given time. But according to the defendant's theory of measurement they were entitled to nothing. It was said that under the circumstances it was competent to show the oral agreement as to the time the weighing was to be done; that if the weights controlled, the plaintiffs were entitled to the full amount claimed. Also,

"If the weight was decided by ascertaining the number of tons in two of the stacks, and applying the proportionate correction to the whole, that result would govern. . . . The defendant maintains that, through some mistake, the measurements applied to the two stacks, which were weighed, were not those of these two stacks, and the jury may have so found. But in that case no reason is apparent why the correct measurement should not have been applied, and the weight determined in that manner. The jury could determine which stacks were actually weighed, and whichever they were, it would seem there should be no difficulty in ascertaining their measurement. Upon these grounds the judgment is reversed and a new trial ordered." (p. 287.)

As to the evidence of how much alfalfa a sheep would consume, it was said that the court regarded the contract as fixing the manner in which the weight of the hay should be determined. It seems that this was construed by the trial court and by counsel for defendant as holding substantially that the only question to try was the identity of the stacks weighed.

Objection was made to any testimony as to the statements of defendant that 400 cubic feet would make a ton, also attempts to exclude such evidence after it had been received. But whether because such assurances were a part of the conversation as to when the weighing should be done, or for some other reason, it was received. And it was permitted to be testified that the money would not have been paid before the stacks were measured had not these statements been relied upon. Plaintiffs also again offered evidence touching the amount of alfalfa which one sheep would consume, which was rejected. The defendant offered proof by expert hay men that 400 cubic feet would make a ton. This was rejected, and the ruling is complained of because the evidence sought to be introduced was to meet the issue and evidence of false assurances as to the method of measurement, and also because it would have aided the jury in ascertaining which party was right in the dispute as to which particular stacks were in fact weighed. It is suggested that if it could have been demonstrated that the 400 cubic feet theory is correct it would have had a strong tendency, if not the inevitable effect, to show that the defendant must have been right in his contention as to the identity of the stacks weighed. So long as the plaintiffs did not concede the correctness of the defendant's system of measurement, but permitted their allegation of its falsity to stand together with their assertion that it would fall one-third short, either the question of assurances as to its correctness should have been kept from the jury, or else the proffered testimony should have been received. The contract fixed two methods of ascertainment, measuring and weighing. If 400 cubic feet in fact make a ton, any fraudulent intent on the part of the defendant would effect nothing even if proved to have existed; if not, any guaranty to that effect would have been equally potent whether made fraudulently or honestly. Hence in reality the question of fraud is in no effective sense in the case at all. It is also true that if the stacks had all been weighed, or if no dispute had arisen as to which ones were in fact weighed, the question of measurement would be entirely out of the case. But in view of the sharp conflict in the evidence as to the identity of the two stacks selected and weighed by the plaintiffs, the correct-

ness of the defendant's method of measurement became a matter of competent and material character, for it is not possible that a stack containing ten tons by weight could contain one-third less than 4000 cubic feet if as a matter of fact 400 cubic feet make a ton.

Complaint is found with some of the instructions for making prominent the alleged false guaranty and the reliance thereon, because accentuating and calling special attention to the idea of fraud to the prejudice of the defendant in the minds of the jury. With the issues remaining as they were, it was difficult to state them or instruct without including the matter of fraud, and, indeed, the defendant requested a number of instructions thereon which were substantially given. This but makes it the more plain that the rejected testimony as to the system of measurement should have been received. On the other hand, it is insisted that the defendant's counsel led the court into the error of trying to confine the testimony to identity of stacks weighed, and that it should have no right to complain of the result. The fact remains, however, that the defendant sought to eliminate all question of measurement but succeeded in eliminating only his own expert testimony relating thereto.

Two jurors on the regular panel were discharged when it was disclosed on their examination that they had been subpoened as witnesses for the plaintiffs. They were not called to testify. The controversy over this point is spirited. While no substantial prejudice appears to have resulted in this instance, the practice is not to be encouraged.

The judgment is reversed and the cause remanded for further proceedings in accordance herewith.

---

OPINION DENYING A REHEARING.
Filed July 12, 1917.

The opinion of the court was delivered by

WEST, J.: The question for determination is how many tons of alfalfa the plaintiffs actually received. According to the weight of two stacks selected by them they claim that they received only a certain number of tons. There is no dispute about the correctness of this weight. There is a dis-

pute as to the identity of the stacks weighed. The defendant in his brief says:

"It is conceded that the plaintiffs weighed two stacks, and that the stacks were correctly weighed, and the correct weights given to the jury. . . . It was the defendant's contention, however, that while the weights of the two stacks weighed were correctly given, the plaintiffs had not weighed the stacks as identified by number that they claimed to have weighed."

There is no dispute as to the correctness of the measurements of the stacks and it has been settled that the defendant represented that according to the measurements 400 cubic feet would make a ton. The plaintiffs deny this and insist that this number of cubic feet would make only about two-thirds of a ton.

The contract provided that—

"All hay sold shall be measured in the stack, but second parties shall have the option, after the hay has been measured, of computing the number of tons of hay in said stacks, in the following manner: The parties hereto shall select not more than four stacks of hay, which shall be weighed, and the number of tons of hay, as compared with the number of cubic feet in said stacks, shall be the rule for ascertaining the number of tons of hay in the remaining stacks, which are to be measured only."

The result depends on the identity of the stacks actually weighed. In determining the question of identity the correctness or incorrectness of the 400-cubic-feet theory should be ascertained and considered for the reason indicated in the foregoing opinion: that a stack containing ten tons by weight could not contain one-third less than 4000 cubic feet if 400 cubic feet in fact make a ton. In other words, if the jury can have the weight and dimensions of a stack about which weight and dimensions there is no dispute they may be able to determine the disputed identity of such stack, because the weight being concededly correct must of necessity correspond to the measure of cubic contents which may be established as correct.

In view of the matters already settled or rendered unimportant by the litigation, the evidence upon another trial could well be narrowed so as to consume much less time than heretofore.

The petition for rehearing is denied.