No. 25,025.

W. H. BROWN et al., *Appellees*, v. NELLIE A. BYERS, *Appellant*.

SYLLABUS BY THE COURT.

FARM CONTRACT—*Verdict Unsupported by the Evidence—Verdict Set Aside.*
Where the verdict is not supported by any evidence, although conceding
that the evidence would have warranted a judgment for a larger amount.
the verdict should be set aside at the instance of either party.

Appeal from the Leavenworth district court; JAMES H. WENDORFF, judge.
Opinion filed February 9, 1924. Reversed.

*Arthur M. Jackson,* of Leavenworth, for the appellant.

*J. E. McFadden,* and *O. Q. Claflin, jr.,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

HOPKINS, J.: The action was one for services rendered in conducting a farm under an alleged express contract. Plaintiffs recovered and defendant appeals.

It was claimed by plaintiffs, and evidence was introduced showing, that on or about August 15, 1919, the defendant hired plaintiffs for the purpose of overseeing, living on, and conducting the affairs of a farm for defendant for a period of one year—from September 1, 1919, to September 1, 1920—that it was part of said contract of employment that plaintiff, W. H. Brown, was to oversee said farm, care for the stock thereon, have general supervision over the crops, keep the time of the men employed thereon; that Lula M. Brown was to take charge of the house, do the cooking for the hired men and have general charge and supervision of all of the household; that, in consideration of the joint labors of plaintiffs, the defendant agreed to pay them, in cash, $75 per month, to furnish them with all necessary food, and, in addition, agreed to pay plaintiffs a sum equal to ten per cent of the value of all wheat, 20 per cent of all corn, and 20 per cent of all hogs raised during the year; that defendants were owing plaintiffs, on account of failure to pay the stipulated amount of cash, for three months $225 and $6 expended by plaintiffs for groceries; that the wheat, corn and hogs raised on the farm amounted to a sufficient sum that, all together, the defendant was indebted to plaintiffs in the full amount of $1,479.

The defendant admitted the employment of the plaintiff, W. H. Brown, at a monthly wage of $75 per month, he to bring his wife, Lula M. Brown, to the farm, both of whom were to be allowed to use the house free of charge, and both of whom were to be furnished their board during the time W. H. Brown worked. The defendant denied any agreement relative to a percentage of the wheat, corn and hogs grown upon the farm.

On the trial plaintiffs offered testimony in detail in support of their claimed contract; also testimony as to the amount and value of the crops. The defendant offered no testimony as to value of the crops.

The jury being fully charged on the issues, returned a verdict in favor of the plaintiffs for $531. Motion for new trial by defendant was overruled, and she brings the case here. The defendant contends that, as she took no issue, either in her answer or the testimony, as to the amount or the reasonable value of the crops raised on the farm; and that, as plaintiff's testimony on this phase of the case was in no way impeached, controverted or denied, the verdict of the jury was contrary to and in violation of the court's instructions; that there was no basis under the pleadings and evidence for the verdict as returned, and that the trial court erred in not setting it aside and granting a new trial.

In *Bressler v. McVey*, 82 Kan. 341, 108 Pac. 97, it was said:

"Where the sole question submitted to a jury is whether the plaintiff is entitled to recover upon a contract and there is no dispute concerning the amount nor any basis for a finding that the defendant owes a less sum than that claimed, a verdict for half the amount should not be received, and. if received, should be set aside as contrary to the evidence, at the instance of either party." (Syl.)

In the opinion it was said:

"'Where the verdict which the jury return cannot be justified upon any hypothesis presented by the evidence, it ought, obviously, to be set aside'" (p. 343.).

Where it is manifest that the verdict is arrived at by "splitting differences," such verdict should not be allowed to stand.

In *Hart v. Gerretson Co.*, 91 Kan. 569, 138 Pac. 595, it was said:

"A defendant is entitled to a reversal where the court sets aside a general verdict in plaintiff's favor and renders judgment against the defendant for a sum which is not sustained by the evidence or findings, and which is contrary to any theory contended for, although less than the plaintiff claimed and less than he was entitled to recover, if his theory of the case was correct." (Syl.)

In *Hollicke v. Railway Co.*, 99 Kan. 261, 161 Pac. 594, it was said:

"The rule is familiar that the party against whom a judgment is rendered may contest it on the ground that it is not supported by any evidence, although conceding that the evidence would have warranted a judgment for a larger amount." (p. 262.)

How the jury could have arrived at its verdict of $531 is not explained. If plaintiff's claim was correct that they were entitled to recover 10 per cent of the wheat, 20 per cent of the corn and 20 per cent of the hogs, the verdict should have been for $1,479. If, on the other hand, the plaintiffs were not entitled to recover a portion of the crops, but only for the wages claimed, together with the grocery bill, the amount would not be in excess of $231. It is apparent that the jury either disregarded the court's instructions or failed to give proper consideration to the undisputed testimony in the case. Under the circumstances the court should have granted a new trial. (See, also, *Williams v. Townsend*, 15 Kan. 563; *Electric Co. v. Brown*, 86 Kan. 903, 122 Pac. 1026; *Butler v. Milner*, 101 Kan. 264, 166 Pac. 478; *Dodson v. Moran*, 101 Kan. 592, 168 Pac. 841; *Hudson v. Riley*, 104 Kan. 534, 180 Pac. 198; *Klopfenstein v. Traction Co.*, 109 Kan. 351, 198 Pac. 928.)

The judgment is reversed and a new trial ordered.