No. 25,416.

J. C. MARTIN, as The Martin Realty Company, *Appellee*, v. A. R. GARVER, *Appellant*.

### SYLLABUS BY THE COURT.

AGENCY—*Commissions—Verdict Not Supported by Any Evidence—Verdict Set Aside.* A verdict contrary to unconflicting evidence, for one-half the amount plaintiff should recover if entitled to recover, should be set aside at the instance of defendant.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed October 11, 1924. Reversed.

*Donald Muir,* and *Henry J. Brady,* both of Anthony, for the appellant.
*John B. Bryant,* of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: Plaintiff recovered a real-estate agent's commission for effecting an exchange of defendant's land in Harper county for real estate in Kansas City, Mo. Defendant appeals.

The petition contained the following allegations:

"Plaintiff further alleges and states that the usual, ordinary and customary commissions charged by real-estate brokers in this vicinity or locality is as follows: Five per cent on the first one thousand dollars of the consideration, and two and one-half per cent on all amounts of the consideration in excess of the said sum of one thousand dollars.

"Plaintiff further alleges that the valuation placed upon the said real property and lands traded or exchanged by the said defendant in this transaction, procured through the efforts of the plaintiff herein, as aforesaid, was the sum or consideration of seventy-five thousand dollars ($75,000), and that there is now due and owing to this plaintiff of and from the said defendant the sum of $1,900 as his commission for the sale or exchange of the lands so owned by the said defendant, and that the said defendant has failed, neglected and refused to pay said sum of $1,900 or any part thereof."

Plaintiff proved the value and rate alleged. There was no evidence of any other value or rate, and if plaintiff was entitled to recover at all, he was entitled to $1,900. The defense was, plaintiff was not the procuring cause of the sale. The jury returned a verdict for $950 and interest.

There was no conflict in the evidence relating to amount of recovery and, since the amount of the verdict has no support in the evidence, the jury did not deal candidly with the case. The jury

44—116 KAN.

has no privilege to "split the difference" and return a compromise verdict accordingly and, should it do so, the losing party, whether plaintiff or defendant, is entitled to have the verdict vacated. (*Bressler v. McVey*, 82 Kan. 341, 108 Pac. 97; *Electric Co. v. Brown*, 86 Kan. 903, 122 Pac. 1026; *Hart v. Garretson Co.*, 91 Kan. 569, 138 Pac. 595; *Smith v. Hanson*, 93 Kan. 284, 144 Pac. 226; *Hollicke v. Railway Co.*, 99 Kan. 261, 161 Pac. 594.)

The judgment of the district court is reversed, and the cause is remanded for a new trial.