No. 26,957.

Lee Dutton, *Appellee*, v. Walter Brown, *Appellant*.

SYLLABUS BY THE COURT.

New Trial—*Verdict Contrary to Evidence—Amount of Recovery.* In an action for the recovery of money only, 'where the evidence for the plaintiff tends to prove that a definite amount is due and the•evidence for the defendants tends to prove that nothing whatever is due, a verdict in favor of the plaintiff for a less amount than that shown by the evidence must be set aside and a new trial be granted.

Appeal from Cloud district court; John C. Hogin, judge. Opinion filed January 8, 1927. Reversed.

*Park B. Pulsifer* and *Clyde L. Short*, both of Concordia, for the appellant.
*A. M. French*, of Concordia, for the appellee.

The opinion of the court was delivered by

Marshall, J.: The plaintiff sued the defendant to recover $550, alleged to be the balance due on account of defendant's purchase of a partnership interest in a pool hall from the plaintiff. Judgment was rendered in favor of the plaintiff for $150, and the defendant appeals. The plaintiff has not filed any brief.

The defendant denied the existence of any partnership between himself and the plaintiff, denied that he had purchased from the plaintiff any interest therein, and denied all liability to the plaintiff. The evidence of the plaintiff tended to prove that there was owing to him from the defendant, for the purchase of a one-half interest in the pool hall, the sum of $550. He did not introduce any evidence to establish any liability on the part of the defendant in any other sum whatever. The evidence of the defendant tended to prove that he had not purchased any interest in the pool hall from the plaintiff, and that he did not owe the plaintiff anything. There was no evidence by the defendant which tended to prove any liability to the plaintiff for any sum whatever. Under these circumstances, the verdict should have been for the plaintiff for $550, or it should have been for the defendant. There was no evidence on which to base a verdict for $150 for the plaintiff. The defendant filed a motion for a new trial, which was denied. Under repeated declarations of this court the judgment must be reversed. (*Bressler v. McVey*, 82 Kan. 341, 108 Pac. 97; *Electric Co. v. Brown*, 86 Kan.

New Trial, 29 Cyc. p. 820 n. 35; 20 R. C. L. 273.

903, 122 Pac. 1026; *Hart v. Garretson Co.,* 91 Kan. 569, 138 Pac. 595; *Smith v. Hanson,* 93 Kan. 284, 144 Pac. 226; *Hollicke v. Railway Co.,* 99 Kan. 261, 161 Pac. 594; *Brown v. Byers,* 115 Kan. 492, 223 Pac. 477; *Martin Realty Co. v. Garver,* 116 Kan. 689, 229 Pac. 70.)

The judgment is reversed and a new trial is directed.