No. 23,168.

J. W. KEY, *Appellee*, v. THE THOMAS LYONS COMPANY, *Appellant*.

### SYLLABUS BY THE COURT.

AGENCY— *To Buy Broom Corn—Agent Paying with Check Signed in Principal's Name—Check Dishonored—Claim of Revocation of Agency —Appointment and Authority of Agent—Burden of Proof.* On October 5, Lowry was agent of the defendant, to buy broom corn, pay for it with checks from a check book supplied by the defendant, and accept delivery. On that date the plaintiff, knowing Lowry was the defendant's agent, sold to him, as such agent, three carloads of broom corn. On November 2, the plaintiff delivered the broom corn to Lowry, and received from him one of the defendant's checks, in payment of the price. The defendant dishonored the check because, as it said, it had revoked Lowry's agency on October 15. No notice of revocation was given. *Held:*

1. Lowry's agency, not being evidenced by writing, was provable by his testimony regarding the facts of his appointment and authority, but not by his declarations or conduct.

2. Agency being established, the plaintiff's knowledge of the agency was provable by statements of Lowry that he was agent, made to the plaintiff during continuation of the agency.

3. Under the circumstances stated, the presumption was that the agency existing on October 5 continued, and the burden of proof to show termination of authority to complete the initiated sale rested on the defendant.

4. In the absence of notice of revocation of Lowry's authority, the plaintiff was privileged to accept and collect the check, although he had not, before October 5, dealt with Lowry as the defendant's agent or received from him any of the defendant's checks.

Appeal from Seward district court; CHARLES E. VANCE, judge. Opinion filed June 11, 1921. Affirmed.

G. L. *Light*, of Liberal, S. B. *Amidon*, S. A. *Buckland* and H. W. *Hart*, all of Wichita, for the appellant.

*John W. Davis*, of Greensburg, *V. H. Grinstead*, and *M. F. Cosgrove*, both of Liberal, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a bank check. The plaintiff prevailed, and the defendant appeals.

The check was dated November 2, 1918, and was signed "The Thomas Lyons Co., by R. F. Lowry." The petition alleged Lowry was agent of the defendant, duly authorized to sign and deliver the check. The answer denied agency of Lowry and his authority to sign and deliver the check. Lowry was a broomcorn buyer, residing at Liberal, Kan., who did business on his own account as R. F. Lowry & Co. and as the Liberal Broom Corn Co. The defendant employed Lowry to purchase broom corn for it, and armed him with a Thomas Lyons Company book of numbered blank checks with which to pay for what he bought. About October 5, Lowry agreed to buy three carloads of broom corn from the plaintiff. The broom corn was delivered on November 2, and the check was issued to pay for it. There was much evidence that Lowry's authority to act for the defendant was revoked about October 15, that he was ordered to send in his check book, and that on November 2 he was without any authority to issue the check sued on. There was much evidence to the contrary, and a finding either way would be well supported.

When making his case in chief the plaintiff was asked this question: "Q. You may answer this question by yes or no. Did you know who Mr. Lowry represented in buying this broom corn of you?" Over objection the plaintiff answered "Yes, sir." When called as a witness in rebuttal, the plaintiff testified over objection as follows:

"Q. At the time you contracted with Mr. Lowry, did you know that he was buying broom corn in that territory for The Thomas Lyons Company of Arcola, Ill.? A. I did."

Extended cross-examination developed the fact that the actual source of the plaintiff's information respecting Lowry's agency was Lowry himself, who told the plaintiff he was buying for The Thomas Lyons Company. It is said the testimony was improperly received, because agency may not be proved by declarations of the person to whom agency is attributed.

The testimony was not offered to prove agency. Lowry's agency was proved directly by other testimony, and his agency at the time he first negotiated with the plaintiff was admitted by the general agent of the defendant who appointed him. The testimony objected to was offered to prove the plaintiff's knowledge that Lowry was the defendant's agent, and if, while Lowry was agent for the defendant, he communicated the fact to the plaintiff, the plaintiff then had knowledge of it.

Standing alone, some of the plaintiff's answers to questions propounded to him on cross-examination would indicate he was dealing with Lowry personally; but his testimony as a whole made it sufficiently clear he was selling to Lowry as the defendant's broom-corn buyer in that territory. Some evidence that when the plaintiff contracted to sell the broom corn he knew Lowry was generally reputed to be the defendant's broom-corn buyer, was improperly received, but was of no consequence, because Lowry was the defendant's agent at that time. Lowry's agency to buy broom corn, and authority to pay for it with the defendant's check, were proved for the plaintiff by Lowry, not by his acts and declarations, but by his testimony relating to his appointment and authority. His appointment and authority were not evidenced by writing, and it is elementary law that he was qualified to testify to the facts which constituted him agent of the defendant to do the things which he did.

The court instructed the jury as follows:

"No. 6. The agency of the said R. F. Lowry to write checks upon the defendant being conceded by the parties, it is presumed to have continued, unless the contrary is shown by a preponderance of the evidence, and the burden of proof is upon the defendant to show by a preponderance of the evidence that the agency and authority of the said Lowry to write checks on the defendant was terminated prior to the time the check sued on was issued and delivered by the said Lowry, if you find that it was so issued and delivered to the plaintiff."

It is said authority to issue checks after October 15 was not conceded, and the burden rested on the plaintiff to prove authority possessed by Lowry on November 2 to issue the check of that date. The conceded authority referred to in the instruction related to time previous to the claimed termination of agency on October 15. The agency on which the plaintiff relied was agency to buy, pay for and accept delivery of broom

corn on behalf of the defendant. Agency of that character not only existed before October 15, but it had been exercised in purchasing and paying for much broom corn. Between September 20 and October 15 Lowry used sixteen checks from the book from which the check sued on was taken, and a purchase of broom corn from the plaintiff had been initiated. In such cases the presumption is that agency continues until notice of revocation (2 C. J. 920, §§ 650, 651), and in this instance the burden of overcoming the presumption and of establishing termination of authority to complete the initiated sale, necessarily rested on the defendant. The plaintiff testified he had no notice of any interruption of Lowry's agency, and the defendant offered no evidence of any kind of notice of revocation.

The plaintiff was a broom-corn broker. There was some evidence that when Lowry was sent out to buy broom corn for the defendant, he was told to buy of farmers and to keep away from the towns. An instruction was given to cover the subject of secret limitations on apparent general authority, which was proper for that purpose. The instruction referred to notice of revocation of Lowry's authority, and it is said the plaintiff was not entitled to such notice, because he had not, before the transaction under consideration, dealt with Lowry as the defendant's agent or received from Lowry any Thomas Lyons Company check. On October 5 Lowry was the defendant's agent, and the plaintiff, knowing him to be the defendant's agent, had dealt with him as such. This subject was covered by an instruction which reads as follows:

"No. 8. You are further instructed that the law makes a principal liable on contracts made after the revocation of the authority of an agent, between the agent and third persons who have theretofore dealt with the agent as such, or who had knowledge of such agency prior to its revocation, unless notice of such revocation of agency was given to such third person, but this rule does not apply to persons who are not shown by the evidence to have had knowledge of the agency or previous dealings with the agent as such, and no notice of revocation of the agency is necessary to be given to such persons."

No complaint is made of this instruction, which conforms to the statement of principle found in 2 C. J. 539, § 165.

It is said the evidence disclosed that the plaintiff is not the real party in interest. This subject was submitted to the jury by an instruction not complained of, and the finding against

the defendant embraced in the general verdict accords with what appears to be the weight of the evidence. Other criticisms of the proceedings are not deemed of sufficient importanc to require special mention.

The judgment of the district court is affirmed.