No. 28,558.

W. P. Stoker, *Appellee*, v. T. M. Torson, *Appellant*.

(277 Pac. 1016.)

Opinion filed June 8, 1929.

*James F. Getty, P. W. Croker, George H. West* and *Frank L. Bates,* all of Kansas City, for the appellant.

*E. E. Martin* and *H. E. Dean,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

Hutchison, J.: The appeal in this case is from a judgment of $450 recovered by the plaintiff as commission for the sale of real estate belonging to the defendant, and the errors assigned concern the introduction of the evidence, the giving of instructions and a question of procedure. The issues raised by the pleadings were that of agency, listing of property for sale, and authority of plaintiff under a city ordinance to act as agent and collect commissions.

After the demurrer to plaintiff's evidence had been overruled the deposition of the defendant was read in evidence, and our attention is called to the excluding of an answer, which presents a serious question. After answering several preliminary questions as to his age, residence, vocation, and sale of the property to Doctor Krall for $13,000, he was asked: "Who represented you in the sale of this property?" The record then shows, "Objected to," "Objection sustained," but does not show the ground of the objection. The answer in the deposition, which was excluded by the ruling and not read to the jury, was as follows: "There wasn't anybody representing me. Mr. Goebel took care of what I had done." The evidence later shows that Mr. Goebel was an officer of the bank where the defendant did business and where this transaction was closed.

The appellee justifies this ruling on the ground that the question calls for a conclusion on the ultimate fact which the court and jury were trying. We think the question calls for a statement of fact as

to whether the plaintiff or some one else was representing the owner. The plaintiff had already testified in effect that he represented the defendant owner in the sale of the property, and surely it was pertinent and proper for the owner to affirm or deny it. The answer is a positive denial of his being represented by the plaintiff in the sale of the property, with the addition that Mr. Goebel took care of what was done. The record does not show that the defendant was permitted to answer other questions of the same or similar import, and the exclusion of the answer to this question effectually deprived the defendant of the privilege and right of supporting his verified answer on the question of agency and refuting the testimony of the plaintiff that he, the plaintiff, was negotiating this sale for the defendant. The question of agency was the main issue in the case, and the exclusion of the answer to this question is reversible error.

The question asked was not in violation of the general rule that witnesses must testify only as to facts instead of conclusions of law.

"In receiving the testimony of the alleged agent to prove or disprove the fact of agency, the general rule that a witness must testify to facts and not to conclusions is applicable, and hence it is not competent for the agent to give his opinion or state his conclusion as to the fact of agency; but he may state the facts and circumstances concerning the various transactions between himself and the alleged principal, leaving the court and the jury to determine, under the facts disclosed, whether or not he was such agent." (2 C. J. 935.)

The same rule, of course, applies to the principal as to the agent, and whether or not the plaintiff or anyone else represented the defendant in this transaction was absolutely a question of fact. "Represent" means "to stand in the place of; perform the duties, speak and act with authority in behalf of." (Webster's New Int. Dict.) These are facts, not conclusions.

"Lowry's agency, not being evidenced by writing, was provable by his testimony regarding the facts of his appointment and authority, but not by his declarations or conduct." (Key v. Thomas Lyons Co., 109 Kan. 281, syl., 198 Pac. 928.)

When, in the consideration of the errors assigned, it becomes evident, as in this case, that the judgment must be reversed and the cause remanded for a new trial, the court sometimes continues with a discussion of the other law points raised and with which the court and attorneys will be concerned in the retrial of the case, but in this case there are very unusual circumstances which make the further consideration of the remaining errors alleged of doubtful propriety. The court files, including the instructions given, the motion for new

trial, and the journal entry of judgment, are lost and cannot be found. The instructions were attempted to be supplied in part by the court stenographer from old papers, with some admitted inaccuracies. A serious matter of procedure is discussed at length and with great earnestness on both sides, but without any record whatever except the affidavits of the attorneys. For these very unusual reasons we think no good purpose can be served by a further discussion of these debatable questions, resting to some extent upon debatable foundation.

The judgment is reversed and the cause remanded for a new trial.